## Bowman v. Fretts & Leeper Construction Company, Appellant.

Argued November 14, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ.
(SPAULDING, J., absent).

Before McCORMICK,
J.

*H. Reginald Belden, Jr.,* with him *Stewart, Belden,
Sensenich & Herrington,* for appellant.

*Dom A. Meffe,* for appellee.

OPINION BY CERCONE, J., April 11, 1974:

This is an appeal from the lower court's denial of
defendant's motions for new trial and judgment n.o.v.
in a trespass case in which plaintiff won a jury verdict
against defendant for injuries received in a fall on Sep-
tember 17, 1968.

Plaintiff was a fireman and employee of the Con-
nellsville Fire Company of Connellsville, Pennsylvania,
for twenty-three years prior to the occurrence from
which the suit in trespass arose. He was a driver-fire-
fighter.

Some time prior to September 9, 1968, the fire com-
pany ordered a new and larger fire engine for the com-
pany's use. This necessitated certain alterations of the
firehouse including removing and replacing the first
floor in order to accommodate the new larger engine.
The alterations also included the removal of a brass
pole attached at its base to the first floor and which ex-

tended up through a hole in the second floor and continued to the ceiling. This pole was used for firemen to slide down from their living quarters on the second floor to the waiting engines below.

Defendant-contractor in undertaking the work of renovation took exclusive control of the firehouse premises. In early September of 1968 the contractor barricaded the front of the firehouse to prevent bypassers from falling into the basement area of the firehouse which was left exposed by the removal of the first floor. The brass pole was removed and the hole through which it passed was not covered by the contractor before the occurrence of the event which brought about this lawsuit. The firemen who lived and ate on the second floor were bothered by dust which came from defendant's work below and drifted up through the hole in the second floor from which the pole had been removed. In order to minimize the effect of dust, the firemen placed cardboard, rugs and even a bed over the hole.

Plaintiff testified that he was aware of the hole and the makeshift arrangements used to cover it. The contractor also knew of these makeshift arrangements. On September 17, 1968, plaintiff was on duty at the firehouse and was present on the second floor living quarters. During this time he and a fellow fireman approached the hole to adjust the rug which had been placed over the hole and, while doing so, plaintiff fell through the hole into the basement area below and suffered the injuries complained of in this litigation.

At the close of plaintiff's case defendant made a motion for compulsory nonsuit claiming, *inter alia,* that the Restatement of Torts (Second) §343,[1] as approved

---

[1] §343. Dangerous Conditions Known to or Discoverable by Possessor. A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover

by the Supreme Court of Pennsylvania in *Palenscar v. Michael J. Bobb, Inc.,* 439 Pa. 101, 266 A. 2d 478 (1970), was controlling in the case. In response to defendant's motion plaintiff rebutted with the argument that §343A[2] of the Restatement was applicable. After argument on this issue the trial court denied the motion.

We are not going to discuss whether or not this case is properly predicated on the application of the particular language found in §§343 or 343A since the parties here were satisfied to have the issues in the case determined on the basis of those sections. However, the lower court was correct in denying defendant's motions for new trial and judgment n.o.v. since §343 does not absolve a possessor of the land in every instance where a dangerous condition exists. That section holds a possessor of land subject to liability where he should expect that his invitees will not discover or realize the danger, *"or will fail to protect themselves against it."* Furthermore, although the court, in ruling on defendant's motions for compulsory nonsuit and binding instructions, expressed the belief that Section 343A applied in this case, the court in its charge, placed upon the jury the responsibility of deciding the facts and applying them under either theory as presented by the parties. The court explained the principles contained in both Restatement sections to the jury although it did not refer to the specific language of those sections.

---

the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

2 §343A. Known or Obvious Dangers. (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Taking the charge as a whole, as we are bound to do, together with the points for charge presented by defendant, affirmed by the court and read to the jury, the case was fairly presented to the jury by the court. Therefore, a proper disposition could be made by the jury on the issues of the negligence of the defendant and the alleged contributory negligence of the plaintiff.

Appellant also argues that the testimony of Donato Santone was improperly admitted. Santone was a contractor with considerable construction work experience who testified that according to custom and usage in the trade a barricade should have been placed around the hole by the defendant. Having admitted Santone's qualifications and competency the defendant merely objected to the materiality of his testimony. Since he was recognized as an expert, Santone was qualified to state his opinion as to whether a reasonably prudent contractor would have barricaded the hole under the circumstances of this case. See 1 Henry, Pennsylvania Evidence §572 (4th ed. 1953).

The order of the lower court is affirmed.

SPAETH, J., concurs in the result.