516 A.2d 1247

Dorothy LEICHTER, Executrix of the Estate of
Leonard Leichter, Appellant,

v.

EASTERN REALTY COMPANY, Acme Markets, Inc., Strouse,
Greenberg and Company, Cameo Stores, Inc., Peck & Peck
Company, F.W. Woolworth, Paramount Photo Service, Inc.,
Philadelphia Savings Fund Society, Successor to Western
Savings Fund Society, Dry Goods, Doubleday and Company,
Evans Drug, Inc., Edison Pennsylvania Stores, Inc., Conston,
Inc., Halpern's Junior Debs, Inc., Classic Linen & Bath, Inc.,
Rose Shafer Candies, Inc., Fidelity Bank, Jean Madeline, Inc.,
Shawnee Penn of Bala Cynwyd, Inc. and the Florsheim Shoe
Store Co. of Neshaminy, Appellees.

Dorothy LEICHTER, Executrix of Leonard
Leichter, Appellee,

v.

EASTERN REALTY COMPANY and Acme Market, Inc. and
Strouse, Greenberg and Company and F.W. Woolworth Com-
pany and Philadelphia Savings Fund Society and Fidelity
Bank and Peck & Peck Company and Associated Dry Goods
Corporation t/a Lord and Taylor and Horn and Hardart
Baking Company and Doubleday and Company, Inc. and
R.L.W., Inc. and Blairs of Pa. Inc. and Shawnee Penn of Bala
Cynwyd, and Paramount Photo Service, Inc. and Record
Museum Inc. and Diamond Boys Shops Inc. and Paris Linen
and Decorating Shops, Inc. and Rose Shaefer Candies, Inc.
and Jean Madeline, Inc. and the Florsheim Shoe Store Co. of
Bala Cynwyd, Halpren's Junior Debs, Inc. and Classic Linen
and Bath, Inc. and Bala Parkway, Ltd. d/b/a Diamonds Men's
Wear and Warnaco, Inc. and Gus Mayer Stores, Inc. and
Cameo Stores, Inc. and Evans Drug, Inc. and Edison Pennsyl-
vania Stores, Inc. and S & H Shoe Store, Inc. and Conston,
Inc.

Appeal of ACME MARKETS, INC.

Superior Court of Pennsylvania.

Argued April 1, 1986.

Filed Oct. 31, 1986.

Clifford E. Haines, Philadelphia, for appellant and appellee.

John J. O'Brien, West Chester, for appellant and appellees.

Richard A. Kolb, Philadelphia, for Strouse, appellee. Brendan Mailey, Philadelphia, for Cameo, appellee.

Before McEWEN, OLSZEWSKI and KELLY, JJ.

McEWEN, Judge:

We here consider cross appeals from an order which granted the motion of Acme Markets, Inc. (hereinafter referred to as appellee) for a new trial following a verdict in favor of Dorothy Leichter, Executrix of the Estate of Leonard Leichter (hereinafter referred to as appellant). We affirm.

The facts underlying this appeal are aptly summarized in the opinion of the court en banc which considered the post-verdict motions:

Plaintiff brought suit in a representative capacity as executrix of the estate of her deceased husband, who

suffered a myocardial infarction as the result of being abducted from a parking lot owned by Eastern Realty Company. There is substantial agreement that on or about 8:00 p.m. on September 10, 1980, the Leichters drove to the Bala Cynwyd Shopping Center to shop at defendant Acme Supermarket. The shopping center consisted of fourteen stores, all tenants of Eastern Realty Company, Acme Markets, Inc. and the Lord & Taylor store. By agreement dated April [3, 1956], the predecessor in title to Eastern Realty Incorporated had granted to the predecessor of Acme Markets, Incorporated an easement for ingress and egress over a portion of the land and the privilege for its business invitees to park in its parking lot. These same rights were provided for Eastern's tenants in their leasing agreements. Additionally, there was testimony establishing that the firm Strouse, Greenberg and Company as agent for Eastern managed, operated and maintained this property. It is also admitted that the Leichters, unable to find parking accommodations in Acme's parking lot, parked their automobile in the parking area owned by Eastern. There was testimony that the area utilized by the Leichters was darkened because an overhead light was out of order. Having completed their shopping, decedent returned to the parking area to his car and it was there that he was abducted as a result of which he suffered a heart attack.

After completion of the presentation of the evidence, the trial judge (1) ruled that the principal issue in the case—whether appellee Acme Markets, as the holder of an easement for ingress and egress with a privilege to park on the land, was a "possessor" of the land—was a matter of law to be determined by the judge, and then (2) concluded that Acme was a possessor of the land. The trial judge then submitted to the jury the issues of (1) whether there was a breach of the duty which a possessor owes to a business invitee, and if so, (2) whether the breach of that duty was the proximate cause of the appellant's injuries. The jury returned with a verdict in favor of appellant and against appellees. The court en banc, however, ruled that the trial

court had erred in treating the issue as a matter of law and concluded that the jury should determine whether appellee Acme Markets was a possessor of the pertinent land. As a result, the court en banc granted the motion for a new trial that had been presented by Acme Markets.

We first consider the assertion of appellees in their cross appeal that the court en banc erred when it rejected the motion of appellee Acme Markets, Inc. for the entry of judgment n.o.v. We must be guided in our consideration of this assertion by the well established caveat that:

A judgment n.o.v. should be entered only in clear cases, and all doubts should be resolved in favor of the verdict winner. A motion for judgment n.o.v. can properly be granted only when no two minds could differ that, as a matter of law, the party failed to make out his case.

*Kearns v. Clark*, 343 Pa.Super. 30, 34, 493 A.2d 1358, 1360 (1985) (citations omitted). A thorough review of all of the evidence compels the conclusion that the court en banc properly rejected appellees' motion for judgment n.o.v. since there was more than sufficient evidence upon which the jury could find that the appellee was liable. Accordingly, we affirm the decision of the court en banc rejecting appellee's motion for judgment n.o.v.

Appellant similarly presents but one issue for our review: Where liability is premised on the duty of a "possessor" [1] of land to protect business invitees from the criminal acts of third persons who come on the land, as defined by Section 344 of the Restatement (Second) of Torts,[2] is the

---

1. Section 328E of the Restatement (Second) of Torts defines a possessor of land as:

**§ 328E. Possessor of Land Defined**

A possessor of land is

    (a) a person who is in occupation of the land with intent to control it, or

    (b) a person who has been in occupation of land with intent to control it, if no other person has, subsequently occupied it with intent to control it, or

    (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under clauses (a) or (b).

2. Section 344 of the Restatement (Second) of Torts provides:

question of whether or not a business is a "possessor" and, therefore, owes a duty to business invitees, a question of law for the court where possession results from an easement of use.

We hold that the question of whether the holder of an easement is a "possessor" is a question for the fact-finder. The expectation that this rather fundamental question would be quickly addressed and even resolved by abundant appellate authority has proven false. Whether a particular issue is to be confronted as a question of law and, therefore, is one to be decided by the court, or whether it is a question of fact to be resolved by a jury, is, once the study moves beyond the routine and obvious, a most troublesome inquiry upon which there has been a dearth of decision. Although it was not the principal holding in the case, our Supreme Court did suggest some years ago that the issue of whether an easement holder is a "possessor" is a question for the fact finder. *Cooper v. City of Reading*, 392 Pa. 452, 140 A.2d 792 (1958). There, our Supreme Court stated:

> The identity of the owner of the canal bed at anytime in the last fifty years is not divulged, nor the terms of the original easement, but the city had an easement. That is not denied; it is used continuously, and by fair inference has never been disturbed. The city possessed the ordinary power of an easement holder to secure and make safe its exercise of rights, and for that purpose to enter the bed at the spot of discharge, and make reasonable alterations or repairs. The city completely controlled the

**§ 344. Business Premises Open to Public: Acts of Third Persons or Animals**

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

   (a) discover that such acts are being done or are likely to be done, or

   (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

land upon which the pool was located by the manner in which it exercised its easement.

*Id.*, 392 Pa. at 460, 140 A.2d at 796. While this statement of our Supreme Court cannot be considered a clear and firm pronouncement of principle, it lends support to our conclusion that the question of whether an easement holder exercised requisite control and possession is a determination for the fact finder and requires examination of the underlying facts as revealed by the evidence. In any event, our analysis of the issue and reflection upon the practical effect of our ruling causes us to decide that the issue of whether or not an easement holder is a "possessor" of land, presents a mixed question of law and fact which is within the province of a jury to decide—after, of course, the trial court has in careful patient expression instructed the jury upon the applicable law.

Having expressed that holding, we are compelled to the observation that, in our view, the jury is far better prepared for its task if its deliberations are aided by the orderly focus effected in special interrogatories. While the essential simplicity of the verdict of the jury—we find for the plaintiff ... or ... we find for the defendant—may have been all that was needed in eras past, a modern trial routinely involves multiple defendants or presents complex scientific theories or relies upon the testimony of technological specialists. The trial bench and bar were quick to meet these challenges and devised the procedure of special interrogatories so as to enable the jury to focus upon and resolve several issues in orderly fashion as they move towards their final verdict—and thereby demonstrate in full measure the invaluable effectiveness of the jury system.

Surely, the device of special interrogatories can be every bit as helpful to a jury in resolving issues of a more traditional nature, such as whether or not an easement holder is a "possessor" of land. The determination of "possession" and the conclusion of "control" may only result from the presentation of facts and factors that reflect (1) that the party holds an easement, and (2) the

manner in which the party exercises the prerogatives of that easement. The trial court will, of course, determine whether there has been such evidence presented as is sufficient to deny an application for a non-suit. If that application is refused, it remains for the jury to determine liability, but the jury must first decide whether the easement holder was in "possession". Only then, if the easement holder is determined to have been in possession, will the jury proceed to consider, in order, the issues of whether the easement holder breached the duties of an easement holder in possession, and, if so, whether that breach was the proximate cause of the injury sustained.

Therefore, we agree with the ruling of the court en banc that whether appellant Acme Markets was a "possessor" is a question for the jury and affirm the consequent decision of the court en banc to grant a new trial.

Order affirmed.

KELLY, J., files concurring opinion.

KELLY, Judge, concurring:

I agree that the question of whether Acme was a "possessor" in the context of Restatement (Second) of Torts § 328E is a mixed question of law and fact. Additionally, I would find that the trial court misconstrued Section 328E. Judge Caesar determined that Acme was a possessor, "not with strict property concepts of control in mind, but rather, with a view to the facts of this case and tort concepts governing the duty one owes a business invitee." (Caesar, J., Dissenting Opinion at 4–5).[1] This analysis is fatally flawed. Thus, there are *two* reasons to affirm the grant of new trial. Not only was the question of possession one for the jury to decide, but the standard used by the trial judge to decide the issue was incorrect.

1. Judge Caesar was the judge who presided at trial. After he denied Acme's post verdict motions, the case was reviewed by an *en banc* panel of the Common Pleas Court. The panel reversed and granted a new trial. Judge Caesar sat on the *en banc* panel and filed a lengthy dissent to its decision. It is that dissenting opinion to which I refer throughout this opinion.

Under Restatement (Second) of Torts § 344 liability is clearly predicated upon one's status as a *possessor of land.* Contrary to the trial court's analysis (*see* Dissenting Opinion at 5), the economic benefit derived by a merchant, or a patron's reason for being on the property, does not provide an independent basis for liability. *Accord Leary v. Lawrence Sales Corp.,* 442 Pa. 389, 396, 275 A.2d 32, 35–36 (1971). It is only when possession is established that the business invitation and the purpose of the injured party's presence on the property become relevant for purposes of determining liability under Section 344. Thus, duty does not establish possession; rather, possession establishes a duty. *See Carswell v. SEPTA,* 259 Pa.Super. 167, 173 n. 4, 393 A.2d 770, 773 n. 4 (1978).

"Possession," in the context of Section 344, must be determined with reference to the applicable definition of a "possessor of land" in Section 328E. Again, contrary to the trial court's analysis, Comment a to Section 328E does not support the proposition that property concepts are inapplicable. (*See* Dissenting Opinion at 8). Simply stated, the comment explains that occupation and control (physical possession), rather than title (the legal right to possession), determine possession under Section 328E. Thus, possession under Section 328E arises from occupation and control and not duty or title.

The incident giving rise to the instant case occurred on the property owned by Eastern Realty. Mr. Leichter, the deceased, was abducted as he returned to the car which he parked on Eastern Realty's lot. Consequently, it is the degree of occupation and control exercised over Eastern's parking lot by virtue of Acme's easement which determines Acme's liability under Section 344.

Professors Casner and Leach have defined easements as follows:

An easement is a nonpossessory interest in land. The possession of the land in which the easement exists is always in another. In other words, the owner of an easement has a right to use the land of another for a

specified purpose, as distinguished from a right to possess that land.

Casner and Leach, *Property*, Ch. 32, § 8, at 1109–1110 (Little, Brown & Co. 1969) (footnote omitted). *See also* Restatement of Property § 450 ("An easement is an interest in land in the possession of another...."). Comment b to Section 450 states:

> b. *Nonpossessory interest.* An easement is an interest in land in the possession of another. It is not, itself, a possessory interest. The owner of it, therefore, is not entitled to the protection which is given to those having possessory interests. The fact that the owner of an easement is not deemed to have a possessory interest in the land with respect to which it exists *indicates a lesser degree of control of the land* than is normally had by persons who do have possessory interests. Thus a person who has a way over the land has only such control of the land as is necessary to enable him to use his way and has no such control as to enable him to exclude others from making any use of the land which does not interfere with his.

(Emphasis added). The degree of control transferred by an easement varies with the terms of the easement and the manner in which the easement is exercised.

Although an easement is a nonpossessory interest, sufficient control may exist so as to give rise to liability as the possessor of the property under Sections 344 and 328E, *supra.* Thus, the trial court correctly stated, "[u]nder Pennsylvania law, the owner of an easement may be treated as a 'possessor' for purposes of liability. *Cooper v. Reading*, 392 Pa. 452, 140 A.2d 792 (1958)." (Dissenting Opinion, at 7). In *Cooper*, our Supreme Court reasoned:

> *The City completely controlled the land upon which the pool is located by the manner in which it exercised its easement.* It must, therefore, be held to the duties of a 'possessor of land'....

392 Pa. at 462, 140 A.2d at 796. (Emphasis added). However, because easements are by definition non-possessory

interests, possession liability must be limited to those cases where the exercise of an easement results in significant control over the property by the easement holder. To hold otherwise would create a duty to control where no right to control exists.[2]

Consequently, I join in the majority's decision to grant a new trial. In this new trial the parties will have the opportunity to present testimony and argument on the issue of whether Acme's easement was exercised in a manner so as to constitute "possession" under Section 328E. Because an easement may be exercised in a manner so as to give rise to possession liability, I agree with the majority that Acme was not entitled to a directed verdict.

2. The issue of whether merchants should be required to provide private security in high crime areas was not presented by this appeal. I note that the wisdom of such a policy has been questioned. *See Williams v. Cunningham Drugs,* 146 Mich.App. 23, 26–27, 379 N.W.2d 458, 459–60 (1985) (duty to provide reasonable care with respect to business invitees does not include duty to provide private security guards in high crime areas). I do not believe that the parameters of a merchant's duty of care toward business invitees have been clearly set in this Commonwealth, and I reserve comment on the issue until the issue is clearly presented and properly briefed.