**Brooks v. Joymar Corp.**

*Lewis M. Levin,* for plaintiffs.

*Michael P. Creedon,* for defendant Joymar Corp.

*Keith E. Johnston,* for defendant Ross Pizza Inc.,/ Pizza Hut.

D'ALESSANDRO, *J.,* February 21, 1989 — Before this court is additional defendant, Ross Pizza Inc./Pizza Hut and its motion for summary judgment. This matter involves injuries sustained from a fall caused by a hole or depression in the parking lot of the Barclay Square Shopping Center. Plaintiff fell in the parking lot while walking from her car to Pizza Hut.

In determining this matter, we recognize that summary judgment is controlled by Pa.R.C.P. 1035(b) which, in pertinent part, states:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In viewing a motion of summary judgment, the trial court must accept as true all well-pleaded facts in the non-moving party's pleadings, as well as admissions on file, giving the non-moving party the benefit of all reasonable inferences which may be drawn therefrom. *Mattia v. Employers Mutual Companies,* 294 Pa. Super. 577, 440 A.2d 616 (1982). The record as a whole must be examined in a light most favorable to the party opposing the motion for summary judgment, with all the doubts being resolved against the moving party. *Held v. Neft,* 352 Pa. Super. 195, 507 A.2d 839 (1986). In examining the record, the trial court is not to attempt to resolve conflicting contentions of fact or conflicting inferences that may be drawn from the

facts. *Burnside v. Abbott Laboratories*, 351 Pa. Super. 264, 505 A.2d 973 (1985).

However, once a sufficient quantum of evidence has been presented establishing the moving party's entitlement to summary judgment, then the burden shifts to the opposing party or parties to demonstrate that the trial would not be a fruitless exercise. *Community Medical Services v. Local No. 2665*, 292 Pa. Super. 238, 437 A.2d 23 (1981). As Judge Cercone observed:

"A prima facie showing by the movant for summary judgment — i.e., the production of enough evidence to demonstrate such party's entitlement to a judgment if evidence were uncontroverted at trial — shifts the burden of producing evidence to the party opposing the motion. *Summary judgment should be granted to the movant unless the opposing party offers competent evidence admissible at trial showing that there is a genuine issue as to a material fact.*" *Id.* at 245, 437 A.2d at 27, quoting *Nader v. deToledano*, 408 A.2d 31, 48 (D.C. App. 1978). See also, *Amabile v. Auto Kleen Car Wash*, 249 Pa. Super. 240, 376 A.2d 247 (1977). The opposing party may not rely solely upon his pleadings to controvert the moving party's factual averments, but must respond with "competent evidence admissible at trial showing that there is a genuine issue at to a material fact." *Community Medical Services* at 245, 437 A.2d at 27.

Plaintiff instituted suit against the original defendants, all of whom had various possessory interests in the Barclay Square Shopping Center. Original defendant, Joymar Corporation, filed a defendant's complaint against Pizza Hut alleging that the parking lot in question was under the supervision, maintenance and control of Pizza Hut.

It is undisputed that Pizza Hut held an easement

in common with every other tenant of the Barclay Square Shopping Center. An easement is by definition a non-possessory interest in land. Casner and Leach, Property, Ch.32 §8 at 1109-10 (Little, Brown & Co. 1969) (footnote omitted). See also Restatement of Property §450.

Whether Pizza Hut should be charged with any duty toward plaintiff depends upon its status as a possessor of land. This commonwealth has adopted the Restatement (Second) of Torts, §§343 and 328(E). See *Jones v. Three Rivers Management,* 483 Pa. 75, 394 A.2d 546 (1978).

Section 343 of the Restatement (Second) of Torts defines the liability of a possessor of land for physical harm caused to his invitees by a condition on the land.

A prerequisite to liability under section 343 of the Restatement (Second) of Torts is a determination that defendant is a possessor of land. Possessor of land is defined by section 328(E) of the Restatement (Second) of Torts as:

"(a) a person who is in occupation of the land with intent to control it, or

"(b) a person who has been in occupation of land with intent to control it, is no other person has, subsequently occupied it with intent to control it, or

"(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under clauses (a) or (b)."

The issue for resolution is whether Pizza Hut, who held an easement in common over the parking lot at Barclay Square Shopping Center with every other tenant, exercised the easement in a manner that would justify the imposition of possession liability.

Respondent cites the case of *Leichter v. Eastern Realty Co.,* 358 Pa. Super. 189, 516 A.2d 1247

(1986) for its holding that whether the holder of an easement is a possessor of land is a mixed question of law and fact to be decided by the fact finder.

"Whether an easement holder exercised requisite control and possession is a determination for the fact finder and requires examination of the underlying facts as revealed by the evidence." *Leichter* at 193, 516 A.2d at 1250.

However, this court does not believe the *Leichter* decision was meant to be upheld with such rigidity as to require a determination by the fact finder when the record contains no evidence of control by the easement holder.

The lease in force between Pizza Hut (lessee) and Dinavel Inc. (lessor) clearly granted Pizza Hut an easement over the parking area, in common with every other tenant, of the Barclay Square Shopping Center. In its defendant's complaint, Joymar alleged and Pizza Hut denied that the parking lot in question was under the supervision, maintenance and control of Pizza Hut, thereby creating a genuine issue of material fact, under the pleadings.

Pizza Hut has supported its motion for summary judgment by affidavit attempting to show that there is no genuine issue of material fact. Respondents have attempted to rebut Pizza Hut's affidavit by arguing that the lease agreement included the parking lot as part of the demised premises.

Section IV of the lease agreement grants Pizza Hut a non-exclusive right of use over the parking area in common with every other tenant.

The degree of control transferred by an easement varies with the terms of the easement and the manner in which the easement is exercised. *Leichter* at 197, 516 A.2d at 1252 (Kelly, J., concurring).

After the examination of the terms of the lease and the manner in which the lease was exercised, it

is clear that Pizza Hut did not maintain significant control over the easement.

Pizza Hut's easement over the parking area was in common with every other tenant in the Barclay Square Shopping Center. Additionally, Dinavel exhibited its control by the terms of the lease in that Dinavel designated areas permissible for Pizza Hut employee parking.

Pizza Hut's affidavit states that Pizza Hut at no time, inspected, maintained, cleaned or repaired the parking lot. The affidavit also states that Pizza Hut paid monies *to Dinavel* specifically for the upkeep, care and maintenance of the parking lot.

Respondent's offer no competent evidence to rebut Pizza Hut's affidavit. Respondent has merely characterized Pizza Hut's affidavit as self-serving.

However, there are strict requirements under Pa.R.C.P. 1035(d) concerning affidavits used in support of a motion for summary judgment. Pa.R.C.P. 1035(d) provides:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the signer is competent to testify to the matters stated therein."

With these strict requirements in mind, we have accepted the facts contained in the affidavit of the regional manager of Pizza Hut are true.

Respondent's final argument is that Pizza Hut had a right to use the parking lot; invited its customers to use the parking lot; knew or should have known its customers were using the parking lot and thereby had a duty to warn its customers of any defects in the parking lot.

However, it is only after possession and control are established that the business invitation and the purpose of the injured parties' presence become

relevant pursuant to Restatement (Second) of Torts §§343 and 328(E). Duty does not establish possession, possession establishes duty. See *Carswell v. SEPTA,* 259 Pa. Super. 167, 173, 393 A.2d 770, 773 (1978).

"[E]asements are by definition non-possessory interests, possession liability must be limited to those cases where the exercise of an easement results in *significant control* over the property by the easement holder. To hold otherwise would create a duty where no right to control exists." *Leichter* at 198, 516 A.2d at 1252 (Kelly, *J.,* concurring). (emphasis supplied)

In the case sub judice, nowhere in the pleadings, depositions, affidavits or any other record is there an indication of any kind that Pizza Hut at any time cleaned, maintained, or repaired the parking lot. Since Pizza Hut is not the owner of the parking lot, such facts are necessary to prove that Pizza Hut maintained possession and control over said parking lot, which only then would establish a duty.

We believe that the *Leichter* decision requires a jury determination, of whether an easement holder is a possessor of land and thus subject to possession liability, only after there is some form of competent evidence offered indicating that the easement holder exercised the easement in such a manner as to constitute possession and control.

Pizza Hut produced evidence showing its entitlement to summary judgment. Respondent failed to offer *any* competent evidence showing at least an indicia of some exercise of control by Pizza Hut over its easement.

We therefore grant summary judgment in favor of Pizza Hut.