**Ogozalek v. Goodfield**

*Michael A. Sebastian,* for plaintiff.

*Thomas B. Helbig,* for defendant Convenient Supermarkets.

MUNLEY, *J.,* June 24, 1993—Before the Court for disposition is the defendant, Convenient Supermarket's, motion for summary judgment. The salient facts and procedural history of this case are as follows: In the evening hours of November 3, 1992 the minor plaintiff, David Ogozalek, together with his friend Joseph Kichinski, proceeded to the Convenient Supermarket on North Main Avenue in North Scranton for the purpose of purchasing chewing gum and soda pop. Several groups of youngsters were milling about the general vicinity. One such group was congregated at the store entrance, where they confronted the two boys with insults and offensive remarks. Words were exchanged between the plaintiff, his friend and this group at that time and when the boys alighted from the store after making their purchases.

The two then left the defendant's land, and proceeded up a nearby street. The group of youths who were in front of the store followed, and again began to hurl insults. Fearful of assault, the plaintiff and the Kichinski boy attempted to flee to the Kichinski home, but to no avail. Their fears were well founded; they were seized and the plaintiff was injured by the defendant, Matt Goodfield. Judgment by default has been entered against Mr. Goodfield, an adult.

The plaintiff alleges liability on Convenient's part based solely upon the Restatement (Second) of Torts §344 (1977), which provides as follows:

"Business Premises Open to Public: Acts of Third Persons or Animals

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons, or animals, and by the failure of the possessor to exercise reasonable care to:

"(a) discover that such acts are being done or are likely to be done; or

"(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise protect them against it."

Convenient posits that section 344 has no application here because the plaintiff was not upon their land at the time he was intentionally injured by Mr. Goodfield. Moreover, because he was not upon the land at the fateful moment, it is contended that he could not have been a business invitee at that time.

The plaintiffs argue that Convenient owed a duty to David under section 344 at the time he entered upon the land, and that they breached that duty by failing to protect or warn him of the dangers presented by the group of malcontents outside the store. In response to Convenient's position, the plaintiffs contend that section 344 may impose liability for acts which occur outside the premises, relying upon the Restatement (Second) of Torts §344 (1977) cmt. b. Comment b provides as follows:

" 'Third persons' include all persons other than the possessor of the land, or his servants acting within the scope of their employment. It includes such servants when they are acting outside of the scope of their employment, as well as other invitees or licensees upon the premises, and also trespassers on the land, and even persons outside the land where acts endanger the safety of the visitor. This section also applies to the acts of animals which so endanger his safety."

We consider Convenient's motion in light of well-established principles of law. Summary judgment is to be entered only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. Rule 1035(b), 42 Pa.C.S. We must view the evidence of record in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of that party. Moreover, "summary judgment may be rendered only in cases that are free from doubt." *Stephenson v. Greenberg,* 421 Pa. Super. 1, 4, 617 A.2d 364, 365 (1992) (citations omitted).

As Convenient's brief indicates, the general rule in Pennsylvania law is that a possessor of land open for business purposes is not the insurer of the safety of its patrons. *Murphy v. Penn Fruit Co.,* 274 Pa. Super. 427, 431, 418 A.2d 480, 482 (1980). A limited exception to these principles, embodied within section 344, was recognized by our Supreme Court in *Moran v. Valley Forge Drive-In Theater, Inc.,* 431 Pa. 432, 246 A.2d 875 (1968).

The facts in this case are uncontroverted, with neither party's account being significantly distinguishable from that of the other. Moreover, liability is premised solely upon section 344. Accordingly, because there exists no genuine issue as to any material fact, the sole question before us is one of law, to wit, whether section 344 has no application to these facts so as to entitle Convenient to judgment as a matter of law. If section 344 does apply, then issues of material fact may arise with regard to that application.

Convenient points out, and the plaintiffs concede, that there exists no precedent in Pennsylvania holding section 344 applicable where the harm suffered by the plaintiff was the result of an injury which did not take place upon the defendant's land. We concur. However, our research reveals that this issue has been examined at length by

one commentator, George Bair South, Note, *The Duty to Protect Customers from Criminal Acts Occurring off the Premises: The Watering Down of the "Similar Prior Incidents" Rule,* 19 Hofstra L. Rev. 1271 (1991) (hereinafter, Note, *Duty to Protect*). Of course, the absence of precedent in our Commonwealth does not always vitiate the applicability of a principle of law. Accordingly, we will examine the Restatement (Second) of Torts §344 (1977) cmt. b to see whether the facts sub judice fall within the ambit of section 344.

It is important to note initially that the Restatement comments function as explanatory devices which serve to elucidate the main section's substantive application. The comments, even those with language as broad as comment b, cannot supply a substantive application which did not exist otherwise. Therefore, if the plaintiffs' lawsuit is to survive the motion at bar, it must do so on the strength of section 344's applicability to the facts at hand, for this is the sole basis upon which the plaintiffs premise liability upon Convenient.

We find that the purpose of comment b is to define the term "third persons" as used in the body of section 344. It explains whose accidental, negligent, or intentionally harmful acts for which the section imposes liability. The plaintiffs seize upon the phrase " ... and even persons outside of the land whose acts endanger the safety of the visitor ..." to support their contention that liability may be imposed under section 344 for acts which occur outside the premises. We disagree.

The above-quoted phrase from comment b explains that the duty arises even where persons outside the land act in such a manner as to endanger the safety of the visitor. For example, if A, a third person standing across the street from B's business property, were to throw a rock striking and injuring C, B's business invitee standing in B's parking lot, then B would be liable under section 344 to C for harm caused by A's intentionally harmful

act if B had failed to exercise care to do that which section 344 subparts (a) or (b) require. Comment b explains that A would be considered a "third person" within the meaning of section 344 even though he was outside of the land at the time of his act.

Thus, the explanatory purpose of the phrase in question is consistent with the body of section 344. If, however, our example were to place both A and C across the street from B's business, then section 344 would be inapplicable to B notwithstanding comment b's inclusion of A within the definition of third persons. To hold otherwise would be to ascribe to comment b a purpose inconsistent with the body of section 344.

This is because section 344 plainly states that "[a] possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public *while they are upon the land for such a purpose* ..." (emphasis supplied). Indeed, a significant percentage of the cases which have examined section 344 both in this Commonwealth and elsewhere involved plaintiffs or decedents who were injured or killed in business parking lots. See generally *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984); *Leichter v. Eastern Realty Co.,* 358 Pa. Super. 189, 516 A.2d 1247 (1986), *allocatur denied* 515 Pa. 581, 527 A.2d 542 (1987); *Rhoads v. Lancaster Parking Auth.,* 103 Pa. Commw. 303, 520 A.2d 122 (1987); *Peterson v. San Francisco Community College Dist.,* 36 Cal.3d 799, 205 Cal.Rptr. 842, 685 P.2d 1193 (1984); *Becker v. Diamond Parking, Inc.,* 768 S.W.2d 169 (Mo.App. 1989); *Brown v. J. C. Penney Co.,* 297 Or. 695, 688 P.2d 811 (1984). There are many others.

Courts of our sister states have found a duty on the part of business inviters to protect invitees from harm occurring off the inviter's property. However, those

cases overwhelmingly involve circumstances other than criminal acts of third parties. Note, *Duty to Protect, supra* at 1274 (n.18), 1287 (n.100). Where, as in the instant matter, cases do involve business invitees injured by criminal acts of third parties occurring off the premises, courts have consistently found no liability. *Id.* at 1273 (n.16 and accompanying text).

The sole decision in support of off premises liability for injury resulting from a third party criminal act where the defendant did not own the land upon which the attack occurred, is one involving a defendant who, inter alia, exhibited a high degree of control over the area in question. *Southland Corp. v. Superior Court,* 203 Cal. App.3d 656, 250 Cal.Rptr. 57 (1988), see also, Note, *Duty to Protect, supra* at 1292. In the case at bar, the situs of the minor plaintiff's injury was far removed from any area over which Convenient may be legitimately said to have exercised control in any degree. Moreover, *Southland* is recognized as a departure from precedent, *Id.* at 1295-1297, even in California.

We have examined the evidence of record in every light most favorable to the plaintiffs and drawn every reasonable inference in their favor. Although we are greatly concerned that children and others should be able to patronize business establishments without fear of assault by people loitering outside, it is clear that section 344 places no liability upon Convenient in this case. Accordingly, their motion for summary judgment must be granted.

## ORDER

And now, June 24, 1993, upon close scrutiny of the briefs and arguments of able counsel, the defendant, Convenient Supermarket's, motion for summary judgment is hereby granted.