## Cornish v. Scott Township

C.P. of Lawrence County, No. 10879 of 2009, C.A.

*Howard Murphy*, for plaintiff.
*Kevin S. Burger*, for defendants Amy Braden and Inter-County Horseman's Association *Mary Ann C. Acton, for defendants William Fuchs and Western Pennsylvania Quarter Horse Association.*

PICCIONE, *J.*, April 5, 2013—Before the court for disposition is defendants', Amy Braden, individually and as President of Inter-County Horseman's Association and Inter-County Horseman's Association, motion for summary judgment. The current action arises from an accident occurring at a horse event hosted by defendant, Inter-County Horseman's Association. Inter-County Horseman's Association leased show grounds from the Western Pennsylvania Quarter Horse Association on Harlansburg Road, New Castle Pennsylvania to host the three day event. The show grounds are comprised of two adjacent lots. The back portion of the show grounds is owned by the Western Pennsylvania Quarter Horse Association, and the front portion is owned by Scott Township Volunteer Fire Department. The Western Pennsylvania Quarter Horse Association rents the front lot from the Scott Township Volunteer Fire Department.

Plaintiff, Renee L. Cornish (hereinafter, "plaintiff"),

avers in the complaint that she attended the horse event on June 16, 2007. When she arrived at the show grounds, plaintiff seated herself on bleachers that surround the horse arena. The bleachers were positioned upon cinder blocks. After plaintiff was seated, a heavy set woman approached the bleachers and sat to plaintiff's left. Shortly thereafter, the heavy set woman stood, which caused the bleacher to shake. As a result plaintiff was dislodged from her seat. Plaintiff then fell headfirst to the ground. Plaintiff claims the bleachers were not properly maintained by Scott Township, the Scott Township Volunteer Fire Department, Amy Braden, Individually and as President of Inter-County Horseman's Association; Inter-County Horseman's Association (hereinafter "Inter-County"), William Fuchs, Individually; and as President of Western Pennsylvania Quarter Horse Association, and the Western Pennsylvania Quarter Horse Association (hereinafter "WPQHA"). Plaintiff avers that defendants knew or had reason to know of the defective condition of the bleachers. Plaintiff additionally argues that defendants failed to properly inspect, maintain and secure the bleachers, and because of defendants' negligence suffered injuries.

On July 6, 2009, plaintiff filed the instant action against the above named defendants, claiming that the negligent behavior of the defendants caused plaintiff to sustain severe injuries to her nervous system and legs. Judgment was entered in favor of defendants Scott Township and Scott Township Volunteer Fire Department on August 1, 2012.

Defendants, Amy Braden, individually and as President of Inter-County Horseman's Association, and Inter-County, filed the instant motion for summary judgment on November 28, 2012. Argument was held before this court on February 25, 2013. At the time of argument, all remaining parties consented to removing defendants Amy Braden, individually, and Josh Fuchs, individually, from this action. Consequently, the only remaining defendants in the case are Amy Braden, as President of Inter-County Horseman's Association; Inter-County Horseman's Association; William Fuchs, as President of Western Pennsylvania Quarter Horse Association; and WPQHA. Inter-County's motion for summary judgment has been adequately argued and briefed by the parties and is presently before the court for a determination.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. The Rule states as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial

has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 650 (Pa. Super. 1999). In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party." *P.J.S. v. Pennsylvania State Ethics Comm'n*, 732 A.2d 174 (Pa. 1999) (citing *Kapres v. Heller*, 640 A.2d 888 (Pa. 1994)). Summary judgment is proper only when the uncontroverted allegations of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Potter v. Herman*, 762 A.2d 1116, 1117 (Pa. Super. 2000).

Defendant Inter-County argues it is entitled to summary judgment for two reasons. First, because it was not a "possessor" of the bleachers. Second, Inter-County is not liable for any latent defects exhibited by the bleaches of which it did not have knowledge or could not have been discovered through reasonable inspection. For the following reasons, Inter-County's motion for summary judgment is denied.

A party is subject to liability for physical harm caused to an invitee if: 1) he knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm; 2) he should expect that the invitees will not realize it or will fail to protect themselves against it; and 3) the party fails to exercise reasonable care to protect the invitees against the danger. Restatement (Second) of Torts § 343 (1965). This section of the Restatement has been adopted by the Pennsylvania courts. *See Palenscar v. Michael J. Bobb, Inc.*, 266 A.2d 478 (Pa. 1970); *Bowman v. Fretts & Leeper Construction Company*, 322 A.2d 719 (Pa. Super. 1974).

In order for the party to be liable, it must first be a "possessor" of land. In order for a party to be a "possessor" of land, it must fit into one of the following descriptions: it must be in occupation of the land with the intent to control it; it must have been in occupation of the land with intent to control it if no other party has done so subsequently; or it is entitled to immediate occupation if neither of the other alternatives apply. Restatement (Second) of Torts § 328E (1965). The question of whether a party is a "possessor" of land is a determination to be made by the trier of fact. *Blackman v. Federal Realty Inv. Trust*, 664 A.2d 139, 142 (Pa. Super. 1995) (referencing *Leichter v. Eastern Realty Company*, 516 A.2d 1247, 1249 (Pa. Super. 1986)). *Id.*, This factual determination is based upon the resolution of two issues: whether the party holds an easement, and, if so, what manner does the party holding the easement exercise the rights established thereunder. *Id.* at 1250.

150

Only after this determination is made can the more crucial inquiry of whether the "possessor" owes a duty of care be reached. *Id.*

Instantly, the record establishes that defendant Inter-County leased the show grounds from defendant WPQHA. A Grounds Rental Agreement was executed between defendant Inter-County and defendant WPQHA to memorialize this lease. Under this agreement, defendant Inter-County had the exclusive right to use the show grounds from June 15, 2007 through June 17, 2007.[1] Although the bleachers in question were not expressly identified in the grounds rental agreement between defendant Inter-County and defendant WPQHA, other areas within the show grounds were specifically *excluded* from the lease. Additionally, the agreement establishes that defendant WPQHA furnished a Grounds Representative, "who shall provide services ... to ... [defendant Inter-County] during the time that [defendant Inter-County] occupies the show grounds. The agreement additionally provides that Inter-County is responsible for paying the Grounds Representative directly for services rendered during the lease.

After carefully reviewing the grounds rental agreement, the court finds that there is insufficient evidence to establish that either defendant Inter-County or defendant WPQHA maintained exclusive possession and control

---

1. The grounds rental agreement reflects rental dates June 15-16-17, 2006. However, the agreement was executed by defendant Amy Braden, on April 18, 2007, and other evidence establishes that the grounds rental agreement was for June 15, 2007 through June 17, 2007.

over the show grounds during the June 2007 horse event. Because a determination of which party maintained exclusive possession and control is a material fact in establishing liability, the court cannot resolve defendant Inter-County's motion for summary judgment. Further, because this court cannot determine whether Inter-County was in possession of the show grounds on June 16, 2007, it is premature to address Inter-County's assertion that it is not liable for plaintiffs injuries because it did not have notice of the defect. For the foregoing reasons, Inter-County's motion for summary judgment is denied.

## ORDER OF COURT

And now, April 5, 2013, with this matter being before the court on February 25, 2013 for argument on defendants', Amy Braden, individually and as President of Inter-County Horseman's Association, and Inter-County Horseman's Association, motion for summary judgment, with Howard Murphy, Esquire, appearing and representing the plaintiffs; Kevin S. Burger, Esquire, appearing and representing defendants Amy Braden, Individually and as President of Inter-County Horseman's Association and Inter-County Horseman's Association; and Mary Ann C. Acton, Esquire, appearing and representing defendants William Fuchs, Individually and as President of Western Pennsylvania Quarter Horse Association and Western Pennsylvania Quarter Horse Association, and after having considered the arguments made by counsel as well as their respective briefs, it is hereby ordered and decreed as follows:

1. Defendants', Amy Braden, individually and as President of Inter-County Horseman's Association, and Inter-County Horseman's Association, motion for summary judgment is denied pursuant to the attached opinion.

2. Consistent with the stipulation presented by the parties at the time of argument on February 25, 2013, defendants Amy Braden, individually, and William Fuchs, individually, are hereby removed as a party defendant to this action.

3. The Prothonotary shall properly serve notice of this order of court and attached opinion upon counsel of record for the parties.