J-S12018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUSAN MILLER | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| Appellant | : |
| | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| WRDH HOLDINGS, LLC., ARCH | : No. 3543 EDA 2019 |
| PARTNERS, LP, ANTHONY BIDDLE | : |
| CONTRACTORS INC., CITY OF | : |
| PHILADELPHIA, AND | : |
| COMMONWEALTH OF PENNSYLVANIA | : |

Appeal from the Judgment Entered December 3, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 180102989

BEFORE: LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 7, 2021**

Appellant Susan Miller appeals from the judgment[1] entered after the

trial court denied Appellant's motion to remove nonsuit in favor of Appellee,

---

[1] "[A] motion to remove nonsuit must be regarded as a 'post-trial motion' under the rules of civil procedure, . . . placing a case that ended with entry of a nonsuit in the same procedural context as one that ended by verdict, *i.e.*, one requiring the filing of a post-trial motion." *Billig v. Skvarla*, 853 A.2d 1042, 1048 (Pa. Super. 2004). "[I]n a case where nonsuit was entered, the appeal properly lies from the judgment entered after denial of a motion to remove nonsuit." *Id.* The entry of judgment is a prerequisite to this Court's jurisdiction. *Id.* (citation omitted). Here, in the December 3, 2019 order denying Appellant's motion to remove nonsuit, the trial court also directed the entry of judgment on the nonsuit. Although Appellant stated in his notice of appeal that he was appealing the order entered on December 3, 2019, the appeal lies from the judgment entered on December 3, 2019. We have corrected the caption accordingly, and as judgment was entered on the nonsuit, we conclude that this appeal is properly before our Court.

Anthony Biddle Contractors Inc.[2]  Appellant contends that the trial court erred in granting Appellee's motion for nonsuit, denying Appellant's motion to remove nonsuit, and that the trial court applied an inapplicable section of the Restatement (Second) of Torts.  We reverse the entry of judgment, reverse the order denying Appellant's motion to remove the nonsuit, vacate the order granting nonsuit, and remand for a new trial.

The trial court summarized the relevant facts in this case as follows:

On February 5, 2016, [Appellant] testified via video deposition that she tripped and fell on a temporary construction sign on the corner of 8th and Arch Street[s] in Philadelphia.  [Appellant] testified that she had seen and was aware of the sign.  Witness Patrick O'Donnell, on behalf of the Philadelphia Streets Department, testified that [Appellee] had received a permit from the city to close streets, lanes, or sidewalks at the location of the incident, during the time of the incident.  [Appellee] was compelled by the City or Philadelphia to "post and maintain signage informing pedestrians of sidewalk closure."  The sign was in compliance with the permit from the city and with the Americans with Disabilities Act.  The sign was placed in the "furnishing zone" of the sidewalk—the area reserved for furnishings such as mailboxes, fire hydrants, etc.  Mr. O'Donnell testified that it is obvious that the sign is there.  Mr. O'Donnell stated that although the sign encroaches on the accessible path "the color [of] the frame, the orange, brings that there's a warning there and that there's a hazard, and there's sufficient space to be able to walk around or navigate around the sign and frame safely."  The sign's placement provided more than 48 inches of space to navigate around the sign.

---

[2] Appellee is the only defendant remaining in this matter.  WRDH Holdings, LLC, Arch Partners, LP, the City of Philadelphia, and the Commonwealth of Pennsylvania were dismissed by stipulation and are not parties to this appeal.

Trial Ct. Op., 10/28/20, at 3-4 (citations omitted and some formatting altered).

Appellant filed a complaint on January 18, 2018, claiming that she suffered serious and permanent personal injuries and damages caused by Appellee's negligence. A jury trial began on October 21, 2019. On October 22, 2019, after Appellant's liability witnesses testified, but before Appellant rested her case, Appellee made a motion for nonsuit asserting that as the possessor/occupier of land, it owed no duty to Appellant pursuant to the Restatement (Second) of Torts §§ 342 and 384. N.T., 10/22/19, at 30-50. Appellant responded that Appellee was not a possessor/occupier of land, and therefore, the Restatement (Second) of Torts § 386 applied instead of Section 384. *Id.* at 45-50.

The trial court granted Appellee's motion for nonsuit. Appellant filed a motion for post-trial relief to remove nonsuit, which the trial court denied, and judgment was entered on the nonsuit on December 3, 2019. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

1. Whether the trial court abused its discretion and otherwise committed an error of law when it granted a nonsuit when Appellant established a *prima facie* case with evidence presented during trial?

2. Whether the trial court abused its discretion and otherwise committed an error of law by failing to remove the nonsuit when the errors were presented?

3. Whether the trial court abused its discretion and otherwise committed an error of law by deciding that Appellant was a licensee and analyzing her actions using the duty owed to a licensee legal standard when, in fact, the analysis should have been related only to Appellee's actions in creating an artificial condition which created an unreasonable risk of physical harm to others consistent with the duty owed analysis described in Restatement 2nd of Torts Section 386 where, as here, Appellee was not the owner, occupier or possessor of the land or a member of his household or one acting on his behalf.

4. Whether the trial court abused its discretion and otherwise committed an error of law by not only deciding that Appellee was a licensee but also taking it one step further and deciding that reasonable minds could not differ as to the conclusion that Appellant recognized both the dangerous condition, specifically the wood base of the sign constructed with 2x4 lumber (not the actual sign placard) protruding into the pedestrian pathway of a crowded city sidewalk and recognized the risk, presumably of tripping over the 2x4 lumber flat on the busy sidewalk, while exercising normal perception, intelligence and judgment.

Appellant's Brief at 9-10. Because Appellant's issues are interrelated, we address them concurrently.

We review the grant of nonsuit and denial of a motion to remove nonsuit under the following standards:

A motion for compulsory nonsuit allows a defendant to test the sufficiency of a plaintiff's evidence and may be entered only in cases where it is clear that the plaintiff has not established a cause of action; in making this determination, the plaintiff must be given the benefit of all reasonable inferences arising from the evidence. When so viewed, a nonsuit is properly entered if the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action; it is the duty of the trial court to make this determination prior to the submission of the case to the jury. When this Court reviews the grant of a nonsuit, we must resolve all conflicts in the evidence in favor of the party against whom the nonsuit was entered.

> A compulsory nonsuit is proper only where the facts and circumstances compel the conclusion that the defendants are not liable upon the cause of action pleaded by the plaintiff.

*Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P.*, 40 A.3d 1261, 1274 (Pa. Super. 2012) (citation omitted and some formatting altered). We will reverse a trial court's order denying a motion to remove a nonsuit where the trial court either abused its discretion or committed an error of law. *Scampone v. Grane Healthcare Co.*, 169 A.3d 600, 611 (Pa. Super. 2017). Because Appellant's action is based upon a claim of negligence, Appellant must prove that Appellee owed Appellant a duty, that Appellee breached that duty, that a causal relationship existed between the breach and the resulting injury, and that Appellant suffered actual harm. *McClain ex rel. Thomas v. Welker*, 761 A.2d 155, 158 (Pa. Super. 2000).

Additionally, we note that a pedestrian walking on a public sidewalk is a licensee of the **property owner**. *Alexander v. City of Meadville*, 61 A.3d 218, 221 (Pa. Super. 2012) (citation omitted) (emphasis added). "A 'licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent.'" *Hackett v. Indian King Residents Association*, 195 A.3d 248, 251 (Pa. Super. 2018) (quoting Restatement (Second) of Torts § 330). Comment h to Section 330 provides the following illustrations of licensees:

> h. Persons included. Included under licensees, among others, are three types of persons:
>
>> 1. One whose presence upon the land is solely for his own purposes, in which the possessor has no interest, and to

whom the privilege of entering is extended as a mere personal favor to the individual, whether by express or tacit consent or as a matter of general or local custom.

2. The members of the possessor's household, except boarders or paying guests and servants, who, as stated in § 332, Comments i and j, are invitees.

3. Social guests. Some confusion has resulted from the fact that, although a social guest normally is invited, and even urged to come, he is not an "invitee," within the legal meaning of that term, as stated in § 332.... [T]he decisions thus far have been all but unanimous to the effect that the social guest is no more than a licensee.

Restatement (Second) of Torts § 330 cmt. h (Am. Law Inst. 1965).

As noted above, the parties argue for the application of distinct sections of the Restatement (Second) of Torts. The relevant sections of the Second Restatement state as follows:

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) **the licensees do not know or have reason to know of the condition and the risk involved.**

Restatement (Second) of Torts § 342 (Am. Law Inst. 1965)[3] (emphasis added).[4] When the entity or individual alleged to be liable is the owner of the subject property, Section 384 provides:

> One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge.

Restatement (Second) of Torts § 384 (Am. Law Inst. 1965).[5] Sections 342 and 384 relate to the duty a possessor of land owes to a licensee. "A gratuitous licensee is a person who is permitted, expressly or impliedly, to enter upon the land of another solely for the licensee's own accommodation, benefit, or convenience, and not for the owner's benefit or interest." *Baran v. Pagnotti Enterprises, Inc.*, 586 A.2d 978, 980 (Pa. Super. 1991). However, where the entity or individual is not a possessor of land, Section 386 provides as follows:

> **Any person, except the possessor of land or a member of his household or one acting on his behalf, who creates or maintains upon the land a structure or other artificial condition which he should recognize as involving an**

---

[3] *See Sharp v. Luska*, 269 A.2d 659, 661 (Pa. 1970) (adopting the language of Section 342 as Pennsylvania law).

[4] The emphasized portion of Section 342 (as applied by the language of Section 384), focuses on the actions of the licensee.

[5] *See McKenzie v. Cost Bros., Inc.*, 409 A.2d 362, 364 (Pa. 1979) (noting that Pennsylvania has adopted the Restatement (Second) of Torts § 384).

**unreasonable risk of physical harm to others upon or outside of the land**, is subject to liability for physical harm thereby caused to them, irrespective of whether they are lawfully upon the land, by the consent of the possessor or otherwise, or are trespassers as between themselves and the possessor.

Restatement (Second) of Torts § 386 (Am. Law Inst. 1965)[6] (emphasis added).[7]

Appellant contends that nonsuit was improper and that judgment should not have been entered on the nonsuit. Appellant's Brief at 16. Appellant asserts that the trial court erred in concluding that Appellee was a possessor of land and in categorizing Appellant as Appellee's licensee. *Id.* at 17. Appellant argues that there was no evidence to support the conclusion that

_____

[6] The Restatement (Second) of Torts § 386 has not been formally adopted in Pennsylvania; however, our Supreme Court has previously applied substantially similar language from Section 386 of the first restatement and stated as follows:

The law is thus summed up in Restatement of the Law of Torts, § 386, p. 1033: Any person, except the possessor of land or a member of his household or a licensee acting on his behalf, who creates or maintains upon the land a structure or other artificial condition which he should realize as involving an unreasonable risk of death or serious bodily harm to others whom he should recognize as likely to be upon the land, is subject to liability for bodily harm thereby caused to them, irrespective of whether they are lawfully upon the land, by the consent of the possessor or otherwise, or are trespassers as between themselves and the possessor.

*Reichvalder v. Borough of Taylor*, 185 A. 270, 272 (Pa. 1936).

[7] The emphasized language in Section 386 illustrates that when the person or entity that creates the structure is not the possessor of land, the focus is on the person or entity's actions and not the person entering the property.

Appellee was the owner or possessor of the property, and this presents a question of fact for the jury. *Id.* at 17-20. Additionally, Appellant claims that the trial court applied an incorrect section of the Restatement (Second) of Torts, causing it to focus solely on Appellant's actions as opposed to Appellee's actions or inactions. *Id.* at 20.

The trial court addressed Appellant's claims of error as follows:

Pursuant to Pa.R.C.P. 230.1, the [trial] court may enter a nonsuit on any and all causes or action if, at the close of the plaintiff's case on liability, the plaintiff has failed to establish a right to relief. A trial court's entry or compulsory nonsuit is proper where the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause or action, and it is the duty of the trial court to make a determination prior to submission of the case to a jury. *Dietzel v. Gurman*, 806 A.2d 1264 (Pa. Super. 2002).

The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee. *Carrender v. Fitterer*, 469 A.2d 120, 123[] (Pa. 1983). Pursuant to Restatement (Second) of Torts § 330, a licensee is "a person who is privileged to enter and remain on land only by virtue of the possessor's consent." "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involved an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and [the] risk involved." Restatement (Second) of Torts § 342. A danger is deemed to be "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." *Carrender*, 469 A.2d at 123 [quoting Restatement (Second) of Torts § 343A, cmt. B]. "Although the question of whether a danger was known or obvious is usually a question of

- 9 -

fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Id.* at 124 [citing Restatement (Second) of Torts § 328B comments c and d].

Here, **although not clearly established at trial**, this court believes that [Appellee's] status is that of occupier of land, while [Appellant's] is that of licensee. In order for [Appellant] to establish a cause of action, she is required to establish that she did not know and had no reason to know of the condition and risk imposed by the temporary sign, pursuant to Restatement (Second) of Torts § 342(c). [Appellant] admitted in her testimony that she had seen both the sign and its base and was fully aware of it. Further, based on testimony and photographs produced at trial, the sign is rather large, bright orange, and designed to serve as a warning to passersby. Moreover, [Appellee] was compelled by the city to place the sign there and had obtained permits to do as such. It is the [trial c]ourt's opinion that the sign was open and obvious and that [Appellee] breached no duty owed to [Appellant]. Therefore, nonsuit was proper as [Appellant] failed to establish a cause of action.

Trial Ct. Op. at 4-5 (some formatting altered) (emphasis added).

As noted, the trial court relied on *Carrender* to determine the standard of care, but that analysis presupposes that Appellee is a property owner or possessor of land. Indeed, the trial court granted nonsuit based on its initial finding that Appellee was a possessor of land. Trial Ct. Op. at 4-5. However, the determination of whether a defendant is a possessor of land is generally a question for the fact-finder. *Leichter v. E. Realty Co.*, 516 A.2d 1247, 1249 (Pa. Super. 1986). Instantly, the fact-finder was the jury, not the trial judge. Yet, the trial court made this factual finding instead of the jury and conceded that the issue was not clearly established. Trial Ct. Op. at 5. Upon review, we conclude that the trial court erred.

- 10 -

The record reveals that Appellee is a construction company that was hired to complete a project near the intersection of 8th and Arch Streets, and Appellee was responsible for placing the sign on the sidewalk. N.T., 10/21/19, at 7-10, 55-56. Additionally, Appellee is not the record owner of the property at issue, which is owned by the City of Philadelphia. *Id.* at 55; N.T., 10/22/19, at 39.

Regarding Appellant's actions and observations leading up to the accident, Appellant testified as follows:

Q: At some point after getting out of the car and starting to walk towards 8th Street, did you notice a sign at the corner?

A: I noticed a sign when I started walking down the street.

\*       \*       \*

Q: At some point while you're walking towards work, did you trip and fall?

A: Yes.

Q: What caused you to trip and fall?

A: Once I got out the car, I started walking towards 7th Street, and I didn't realize the base [of the sign] was there until I got there, and I tried to bypass it and I tripped and fell.

Q: Let me try to break that down for you. You're walking down Arch Street towards 7th, so you're actually still going towards 8th when this happened?

A: Yes.

Q: You noticed the sign or at least part of the sign --

A: I noticed the sign when I got out the car, but I didn't notice the base, but I noticed the sign.

Q: When did you notice the base of the sign?

- 11 -

A: When I start walking towards 7th Street I saw the base. I got kind of close to the base and I tried to go around it because there's a lot of pedestrians on the street at that time, and I tried to get around the base and I tripped and I fell.

Q: Can you tell us how close to the sign you were when you first noticed the wood base on the sidewalk?

A: I was right at it.

Q: And did you try to avoid it?

A: I tried to walk around it because there was a lot of pedestrians there, so I thought I got passed it, and I didn't and I tripped. My foot had caught and I tripped and I fell.

N.T., 10/21/19, at 9-11.

Viewing the evidence in favor of Appellant as we must, *see Int'l Diamond Importers, Ltd.*, 40 A.3d at 1274, we cannot conclude that Appellant failed to state a cause of action. Although it is clear that Appellee was hired as the contractor to work on the construction project near the intersection, it is not certain that Appellee was a possessor of land or acting on behalf of the landowner. Moreover, neither Appellee nor the trial court cited authority on which the court could find that Appellee was a possessor or occupier of land as a matter of law. Therefore, in light of our standard of review, we conclude that the trial court erred in finding that Appellee is a possessor of land, which is a question of fact for the jury. *See id.*; *see also Leichter*, 516 A.2d at 1249.[8]

_____

[8] We reiterate that Section 386 of the Restatement (Second) of Torts has not been formally adopted by our Supreme Court. Although the Supreme Court "has not hesitated to adopt sections of the Restatement (Second) of Torts

*(Footnote Continued Next Page)*

Additionally, we conclude that the trial court invaded the province of the jury when it determined that Appellee breached no duty to Appellant and that the sign was an "open and obvious danger." Trial Ct. Op. at 5. As noted previously, the trial court found that in order for Appellant to establish a cause of action, she was required to prove that she did not know and had no reason to know of the condition and risk imposed by the sign pursuant to Restatement (Second) of Torts § 342(c). *Id.* Further, the trial court noted that the sign was bright orange and that the sign was an open and obvious hazard. *Id.*

First, we reiterate that the fact-finder must first determine if Appellee was a possessor of land. Without such a determination, it cannot be ascertained what duty, if any, was owed to Appellant and whether Section 342 applied. Second, although the trial court states that "[Appellant] admitted in her testimony that she had seen both the sign and its base and was fully aware of it," we conclude that reasonable minds could differ on this point. Indeed, factors impacting if and when Appellant was able to appreciate any danger include the conditions at the time of the accident, the number of pedestrians

_____

(1965) when our common-law precedents varied from the Restatement or when the Pennsylvania common law provided no answer," *Gilbert v. Korvette, Inc.*, 327 A.2d 94, 100 (Pa. 1974), we offer no opinion as to the acceptance of this provision. *See In re Estate of Stephano*, 981 A.2d 138, 142 (Pa. 2009) (stating that Superior Court's "jurisprudential task is to effectuate the decisional law of this Court, not to restrict it through curtailed readings of controlling authority") (citation omitted); *see also Reichvalder*, 185 A. at 272 (applying the language from Section 386 of the first Restatement of Torts).

who may have obstructed Appellant's view of the base of the sign, when Appellant first saw the base, and if Appellant had any opportunity to avoid it.

Accordingly, on this record, there is a question of fact as to whether any of the parties recognized if the base of the sign protruding into the pedestrian sidewalk presented a dangerous condition and tripping hazard. Moreover, we agree with Appellant that the trial court's conclusion improperly focuses on Appellant's actions or inactions under Sections 342 and 384, as opposed to considering Appellee's actions under Section 386 of the First and Second Restatement of Torts. Indeed, Appellee's liability as a possessor of land under Sections 342(c) and 384 is determined based on whether Appellant, as a licensee, is unaware of a dangerous condition on the land and the risk involved. In contrast, Section 386 (under both the First and Second Restatement of Torts) focuses on the actions or inactions of the person or entity that creates or maintains upon the land a structure or other artificial condition and is silent as to the licensee. *See* Restatement of Torts § 386; Restatement (Second) of Torts §§ 342, 384, and 386.[9]

For these reasons, we conclude that the trial court committed an error of law by granting nonsuit in favor of Appellee. Therefore, because the nonsuit was improperly granted, we also find that the trial court erred when it entered

---

[9] In any event, as discussed above, it is the province of the jury as fact finder to determine whether Appellee was a possessor of land. The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee. *Carrender*, 469 A.2d at 123. Instantly, crucial to that determination is whether Appellee is a possessor of land.

judgment in favor of Appellee and denied Appellant's motion to remove nonsuit.

Accordingly, we reverse the December 3, 2019 judgment entered for nonsuit, reverse the order denying Appellant's motion to remove nonsuit, vacate the order granting Appellee's motion for nonsuit, and remand this case for a new trial.

Judgment reversed. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2021