664 A.2d 139

Renee A. BLACKMAN, Appellant,

v.

**FEDERAL REALTY INVESTMENT TRUST and Venice Construction Company, Suku Chatarjee and Mohammed Islam, Appellees,**

v.

**ARLEN PROPERTY INVESTORS, Appellee.**

Superior Court of Pennsylvania.

Argued June 8, 1995.

Filed Aug. 24, 1995.

412

---

Michael J. McCaney, Jr., Plymouth Meeting, for appellant.

Michael J. Olley, Havertown, for Venice Const., Suku Chatarjee & Mohammed Islam, appellees.

Before McEWEN, TAMILIA and KELLY, JJ.

KELLY, Judge:

In this opinion we are called upon to determine whether summary judgment may be entered against a plaintiff in a personal injury action where a question of fact remains as to whether a defendant landowner who possesses an easement across a parking lot where the injury occurred may be considered a "possessor of land" with a duty owing to persons injured on that portion of the lot. Based on the following reasoning, we hold that whether a party is a "possessor of land" with a duty owing to invitees is a fact question which precludes summary judgment. Accordingly, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.

The relevant facts and procedural history of this case as set forth by the trial court opinion are as follows:

Plaintiff injured her ankle when she tripped and fell in the parking lot outside the Northeast Shopping Center on October 9, 1990. Plaintiff claimed that her fall was the result of a hole or other defect in the asphalt of the parking lot. Plaintiff's fall occurred near The Hydra Diner, an establishment located in the center of the parking lot.

Plaintiff brought suit against Venice Construction, the owner of the building in which diner is located, and against Suku Chaterjee and Mohammed Islam, the lessees of the building and the operators of The Hydra Diner.

After investigation the claim, these defendants determined that the portion of the parking lot where plaintiff had fallen was owned by Arlen Property Investors. Defendants filed a joinder complaint against additional defendant Arlen Property Investors on December 23, 1992. Significantly, plaintiff never joined Arlen as a defendant in the underlying action.

On May 18, 1994, defendants Venice Construction, Chatarjee, and Islam filed a motion for summary judgment. Based on the plaintiff's deposition testimony, defendants' motion suggested that the spot plaintiff fell was actually on the property of additional defendant Arlen Property Inves-

tors, thirty-seven feet from the border of the lot owned by Venice Construction. Consequently, these defendants argued that they were entitled to summary judgment.

Plaintiff's response affirmed the defendants' version of the details surrounding the plaintiff's fall. However, plaintiff argued that the defendants were in possession of the parking lot where the plaintiff fell, and thus liable for her injuries. Plaintiff based her argument on language found in Venice Construction's deed to the property. This language provided that the property owned by defendant Venice Construction would be guaranteed an easement for ingress, egress, and parking across the parking lot owned by additional defendant Arlen. The deed also gave Arlen the right to collect a share of the cost of maintenance of Arlen's parking lot from Venice Construction. Plaintiff argued that although her fall did not occur on Venice Construction's property, Venice and its lessees were liable as a result of the easement and the duty to contribute to Arlen's costs. In response, the defendants noted that Arlen specifically agreed in the deed to undertake responsibility for maintenance of the parking lot. Venice's responsibility concerning the parking lot was limited to paying a share of Arlen's maintenance costs.

Trial Court Opinion, 2/1/95, at 1–2.

The appellant raises the following issue for our review: WHERE A LANDOWNER HAS EASEMENT RIGHTS AND A DUTY TO CONTRIBUTE TO THE MAINTENANCE OF AN ADJACENT PARKING LOT WHERE AN ACCIDENT CAUSING INJURIES HAS TAKEN PLACE, IS THE ISSUE OF WHETHER SUCH LANDOWNER IS A POSSESSOR OF LAND A QUESTION OF FACT FOR A JURY?

Appellant's Brief at 4.

■ Appellant argues that the question of whether the holder of an easement is a "possessor" of land is a question for the finder of fact. Specifically, appellant asserts that to affirm the trial court's order would contradict a decision by this

Court in a previous case, *Leichter v. Eastern Realty Company*, 358 Pa.Super. 189, 516 A.2d 1247 (1986). Thus, appellant concludes that summary judgment is not warranted here and seeks reversal of the trial court's order so that the issue of possession may go forth to the finder of fact. We agree.

The relevant elements necessary to permit summary judgment are as follows:

> First, the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits, must demonstrate that there exists no genuine issue of fact. Second, the moving party must be entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issue of material fact exists. However, the non-moving party may not rest upon averments contained in its pleadings; the non-moving party must demonstrate that there is a genuine issue for trial. The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. Finally, an entry of summary judgment is granted only in cases where the right is clear and free of doubt. We reverse an entry of summary judgment when the trial court commits an error of law or abuses its discretion.

*Accu–Weather, Inc. v. Prospect Communications, Inc.*, 435 Pa.Super. 93, 98–99, 644 A.2d 1251, 1254 (1994) (footnote and citations omitted).

█ A party is subject to liability for physical harm caused to an invitee if: he knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, he should expect that the invitees will not realize it or will fail to protect themselves against it, and the party fails to exercise reasonable care to protect the invitees against the danger. Restatement (Second) of Torts § 343 (1965). This section of the Restatement has been adopted by the Pennsylvania courts. *See Palenscar v. Michael J. Bobb, Inc.*, 439 Pa. 101, 266 A.2d 478 (1970); *Bowman v. Fretts & Leeper Construction Company*, 227 Pa.Super. 347, 322 A.2d 719 (1974).

In order for the party to be liable, it must first be a "possessor" of land. In order for a party to be a "possessor" of land, it must fit one of the following descriptions: it must be in occupation of the land with the intent to control it, it must have been in occupation of the land with intent to control it if no other party has done so subsequently, or it is entitled to immediate occupation if neither of the other alternatives apply. Restatement (Second) of Torts § 328E (1965). The question of whether a party is a "possessor" of land is a determination to be made by the trier of fact. *Leichter v. Eastern Realty Company*, 358 Pa.Super. 189, 193, 516 A.2d 1247, 1249 (1986). In order for an easement holder to be considered a "possessor" of land, the holder must possess sufficient occupation and control over the land. *See Leichter v. Eastern Realty Co., supra* at 196, 516 A.2d at 1251 (Kelly, J., concurring). This factual determination is based upon the resolution of two issues: whether the party holds an easement, and, if so, the manner in which the party exercises the prerogatives of that easement. *Id.* at 194–95, 516 A.2d at 1250. Only after this determination is made can the more crucial inquiry of whether the "possessor" owes a duty of care be reached. *Id.*

Instantly, the deed contained in the record shows that Venice held an easement for ingress, egress, and parking for its business invitees. (Plaintiff's Memorandum in Opposition to Motion for Summary Judgment of Venice, Exhibit D, at D242115). The deed also states that Venice is responsible for contributing a portion of the costs of maintenance when requested by Arlen. (*Id.* at D242117). Therefore, it is obvious that Venice holds an easement; the question as to how Venice exercised the prerogative of the easement in order to be deemed a "possessor of land" or not, still remains unanswered and, as stated above, is a question for the jury.[1] *Leichter v. Eastern Realty Co., supra* at 193, 516 A.2d at 1249.

1. The existence of this factual issue will, of course, not prevent the trial court from determining whether the evidence to be presented will be sufficient to withstand a motion for nonsuit. *See Leichter v. Eastern Realty Co., supra* at 195, 516 A.2d at 1250.

Because a material issue of fact remained, the trial judge made an error of law in granting summary judgment.

Based on the foregoing analysis, we hold that the trial court incorrectly entered summary judgment. Accordingly, the judgment of the trial court granting defendant's motion for summary judgment is reversed.

Judgment reversed.