**Connolly v. Geistwhite Landscaping**

442

C.P. of Cumberland County, no. 96-5225 Civil Term.

*W. Scott Henning,* for plaintiff.
*Kent Price,* for defendant.

BAYLEY, *J.,* October 19, 1998—Plaintiff, Dorothy M. Connolly, instituted this suit against defendant, Geistwhite Landscaping Inc., seeking damages for personal injuries caused by a fall on October 18, 1994. A jury returned a verdict in favor of plaintiff in the amount of $200,000, and found plaintiff 30 percent comparatively negligent. The verdict was molded to $140,000. Defendant filed a motion for post-trial relief which is ready for disposition. The evidence in a light most favorable to plaintiff, the verdict winner, is as follows.

Plaintiff, a retired teacher, had lived alone since 1987, in a unit of the Forest Meadow Condominiums in the Borough of Carlisle. In October 1994, she was 73. She wore a prosthesis on her right leg which was partially amputated when she was a child. She did not use any type of device to assist her in walking.

Defendant, Geistwhite Landscaping Inc., had a lawn maintenance contract with the Forest Meadow Condominiums. On October 18, 1994, Donald Geistwhite Jr., the owner of defendant acting in its capacity as an independent contractor, performed core aeration on the lawns throughout Forest Meadow Condominiums. Geistwhite used a tractor that pulled an aerator. The aerator removed small plugs of ground and distributed them over the lawns. During the day, plaintiff was picked up by her friend, Ruth Corbin, to go to a seminar. Corbin walked on a sidewalk leading from the street to plaintiff's front door. The weather was clear. Plaintiff came out and saw some dirt plugs on her sidewalk. She had not seen them earlier. Plaintiff and Corbin held each other and walked around the plugs to Corbin's car. They then went to the seminar.

As Donald Geistwhite was aerating the lawns, it started to rain. He stopped working and removed his equipment. He used a hand blower to blow off plugs of dirt that had been deposited onto the sidewalks of the condominium units. However, he failed to blow off plugs of dirt that had scattered onto the sidewalk of plaintiff.[1] Plaintiff and Corbin returned from their seminar after about two hours. It was misting. Plaintiff got out of the car and Corbin drove away. Plaintiff saw many dirt plugs scattered on her front walk. She was surprised that dirt plugs were still there. The landscaper was not present. Plaintiff had her car in her garage at the rear of her condominium. The garage had an automatic door that could only be operated with an opener that was inside her car. There was a door inside the garage leading to her home that could be accessed only if plaintiff was inside the garage. The only other entrance to her home was her front door. Plaintiff mentally noted that she had to watch where she stepped. She knew she might fall if she stepped on a dirt plug. Plaintiff was looking down as she walked seven to 10 feet onto the sidewalk. She was walking between the plugs toward her front door. She felt that she could step over the plugs without stepping on any of them. However, plaintiff has "big feet," and as she stepped around the plugs, the back of her right shoe hit one of the plugs and she fell, suffering severe, permanent injuries.

In its post-trial motion, defendant maintains that the court erred in refusing to grant its motion for a directed verdict, and that it is now entitled to a judgment n.o.v. Because defendant controlled the manner in which it performed its contract with the Forest Meadow Condominium while it was working as an independent contractor, it was as a temporary possessor of the land

---

1. Geistwhite testified that he cleaned all of the sidewalks.

subject to the standards imposed on a possessor of land. *Brletich v. United States Steel Corporation,* 445 Pa. 525, 285 A.2d 133 (1971). The standards are set forth in the Restatement (Second) of Torts §343, which provides:[2]

*"Dangerous condition known to or discoverable by possessor*

"A possessor of land is *subject to liability for physical harm caused to his invitees by a condition on the land if,* but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) *should expect that they* will not discover or realize the danger, or *will fail to protect themselves against it,* and

"(c) fails to exercise reasonable care to protect them against the danger." (emphasis added)

Section 343A of the Restatement provides:

*"Known or obvious dangers*

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.* (emphasis added)

Defendant argues in its brief:

"[D]efendant Geistwhite submits that it owed no duty to the plaintiff either to give her warning of the condition or to remedy the condition because there was no reason on the defendant's part to expect that the plaintiff would not discover or realize the danger, nor was there reason to expect that the plaintiff would fail to protect herself

---

2. *Blackman v. Federal Realty Investment Trust,* 444 Pa. Super. 411, 664 A.2d 139 (1995).

against the danger. In fact, the plaintiff testified that she discovered and realized the danger and, in addition, she consciously took action to protect herself against the danger. Consequently, the plaintiff's evidence failed to prove the second prong of the test to establish a duty under section 323 of the Restatement (Second) of Torts. In addition, this same evidence supports the application of the exception to section 343 liability created by section 343A of the Restatement (Second) of Torts. For these reasons, the court erred in denying defendant Geistwhite's motion for directed verdict and justifies the grant of judgment n.o.v. in favor of defendant Geistwhite.

"Moreover, for the reasons discussed above, the plaintiff knowingly and consciously assumed the risk of the harm sustained as a matter of law such that the court erred by refusing to grant a directed verdict and defendant Geistwhite is entitled to judgment n.o.v. on that basis as well." [3]

Defendant's argument is misplaced because in defining its duty it refers to only a part of section 343 of the Restatement. Plaintiff did acknowledge that she saw the dirt plugs on the sidewalk, and that she knew she could fall if she stepped on them. Obviously, her conduct was negligent. However, as to defendant's conduct, it was for the jury to determine if it should have expected that plaintiff would fail to protect herself against the danger it created on the land. After defining negligence, ordinary care, and legal causation, we charged the jury under sections 343 and 343A of the Restatement:

"Geistwhite Landscaping Inc. is required to use reasonable care in the maintenance of the property of the Forest Meadow Condominium Association where it was

---

3. Other issues raised in the post-trial motion but not briefed are abandoned. Cumberland County Rule of Court 210-7.

working as an independent contractor and to protect the people who use that property from foreseeable harm.

"Geistwhite is required to inspect the premises upon which it works and to discover any dangerous conditions it created and use care not to injure a person using the property by negligent activity.

"Whether there was a dangerous condition on the premises caused by defendant, as plaintiff claims, involves the condition of the entire walk that plaintiff maintains she was traversing and fell as she was going from a car to her front door. You must determine what the condition of that walk was and did Geistwhite cause that condition.

"Geistwhite would be liable for any harm caused to plaintiff who used the property Geistwhite was maintaining if it, one, *knew or by the exercise of reasonable care would have discovered the condition and should have realized that it involved an unreasonable risk of harm; and, two, should have expected that plaintiff* would either not have discovered or realized the danger or *would have failed to protect herself against it;* and, three, failed to exercise reasonable care to protect plaintiff against the danger.

*"Geistwhite would not be liable to persons using the property for physical harm caused by it by any activity or condition on the land whose danger is known or obvious to that person unless Geistwhite should anticipate the harm despite such knowledge or obviousness; or stated another way, Geistwhite would be liable to a person using the land for any harm it should have anticipated, regardless of whether the danger is known or obvious.*

"The word known denotes not only knowledge of the existence of the condition itself but also appreciation of the danger it involves. The word obvious means

that both the condition and the risk were apparent to and would be recognized by a reasonable person using the land exercising ordinary perception, intelligence, and judgment." (emphasis added)[4]

There was sufficient evidence for the jury to conclude that defendant should have anticipated harm to plaintiff from the dangerous condition it created on the land despite the obvious nature of the danger and plaintiff's knowledge of that danger. Plaintiff was elderly and had no other way to enter her home other than through her front door. Defendant had left the area. Plaintiff's conduct did not negate the duty defendant owed to her for a dangerous condition that it should have expected that plaintiff would fail to protect herself against. The doctrine of assumption of risk, which has been severely limited in Pennsylvania, is not applicable to this type of a situation. Sections 343 and 343A of the Restatement create a duty on a possessor of land for liability for physical harm caused by a condition of the land if the possessor should have expected that the person would fail to protect herself against such harm *despite* knowledge and obviousness. Therefore, the case was properly submitted to the jury under the doctrines of negligence and comparative negligence. *Hardy v. Southland Corporation,* 435 Pa. Super. 237, 645 A.2d 839 (1994). Defendant was neither entitled to a directed verdict nor is he now entitled to a judgment n.o.v.

## ORDER

And now, October 19, 1998, the motion of defendant, Geistwhite Landscaping Inc., for post-trial relief, is denied.

---

4. See Pa. SSJI (CIV) §7.00B on Restatement (Second) of Torts §§343, 343A.