## Sheftel v. Allentown Jewish Community Center

C.P. of Lehigh County, no. 1997-C-0392.

*James E. Colleran Jr.,* for plaintiffs.
*Frank A. Baker III,* for defendant.

GARDNER, *P.J.,* November 17, 1999—This matter is before the court on the motion of defendant, Allentown Jewish Community Center for summary judgment, filed July 30, 1999. Plaintiffs' answer to defendant, Allentown Jewish Community Center's motion for summary judgment was filed August 17, 1999. Oral argument was held November 17, 1999.

Immediately upon conclusion of oral argument, in open court, on the record, and in the presence of counsel for the parties, we dictated the within bench opinion. For the reasons expressed below, we deny the motion for summary judgment.

This is a personal injury action brought on behalf of minor plaintiff, Samantha Brooke Sheftel. On July 24, 1995, 6-year-old Samantha allegedly fell in a hole while running unsupervised at defendant's day camp, where she was enrolled for a summer program. Her parents bring this action to recover for her personal injuries.

Defendant moves for summary judgment, arguing that plaintiffs have established merely the occurrence of an accident. Defendant contends that plaintiffs have failed to prove either the existence of a dangerous condition or that defendant had notice of such a condition. Defendant also contends that plaintiffs' claims are barred under the Pennsylvania Recreational Use of Land and Water Act, 68 Pa.C.S. §§477-1 to 477-8. For the following reasons we disagree.

Minor plaintiff was an invitee at defendant's camp. The duties owed by a possessor of land to an invitee concerning a dangerous condition of the land are enumerated in section 343, Restatement (Second) of Torts. This section has been adopted as the law of Pennsylvania in *Blackman v. Federal Realty Investment Trust,* 444 Pa. Super. 411, 664 A.2d 139 (1995). It provides that a possessor of land is subject to liability for physical harm caused to its invitees by a condition on the land if the possessor knows of, or by the exercise of reasonable care would discover, the condition; and should realize that it involves an unreasonable risk of harm to such invitees; and should expect that they will not discover or realize the danger, or will fail to protect themselves against it.

Plaintiff camper was 6 years old at the time of the alleged accident. She was participating in a camp activity known as eco-ball. In this activity, the children run around the camp, picking up as much garbage as pos-

sible. The camper who gathers the most refuse within the prescribed time limits wins a prize. The game is followed by an educational discussion of ecology and the cycle of life.

Plaintiffs have produced evidence, which, if accepted by the fact-finder, would establish that the camp had notice of, or by the exercise of reasonable care should have discovered, a condition of animal holes on their property.

Stewart "Ozzie" Irwin, the camp director, testified in his deposition that he had seen gopher holes and animal holes and things of that nature from time to time on the property, that they existed in 1995, and that he toured the campgrounds each day that year on foot.[1] Terry D. Neff, executive director of the camp, testified in his deposition that he had seen gopher holes or animal holes on the property from time to time.[2] Plaintiff Leslie B. Sheftel, Samantha's mother, testified in her deposition that there were always animal holes at the campground, that the children complained about those holes for years, and that she specifically complained of those holes to the camp committee in the spring of 1995 prior to the commencement of camp.[3]

In addition, the counselor manual for Day Camp 1995 requires counselors to commence a daily inspection of

1. Notes of testimony of the deposition of Stewart Irwin, August 12, 1998, p. 58, ll. 7-17. See exhibit I to plaintiffs' answer to defendant, Allentown Jewish Community Center's motion for summary judgment.

2. Notes of testimony of the deposition of Terry D. Neff, March 24, 1998, p. 125, ll. 13-16. See exhibit D to plaintiffs' answer.

3. Notes of testimony of the deposition of Leslie B. Sheftel, March 24, 1998, p. 27, l. 5 to p. 30, l. 17. See exhibit J to plaintiffs' answer.

the camp area for safety reasons "to note any danger . . . so that campers and counselors may be made aware of them. Also, daily checks are important to clean away broken bottles, sharp sticks, etc."[4]

From the foregoing, the jury could conclude that defendant knew, or should have known, of potentially dangerous holes in its campground. Defendant disputes that such holes existed and that it had notice, or should have had notice, of them. However, this is a factual dispute for resolution by the jury.

We also reject defendant's contention that it is immune from this lawsuit under the Pennsylvania Recreational Use of Land and Water Act. We find that the immunity provisions of that Act do not apply to defendant because the land was improved, because plaintiff's activity on the land was not the type of recreational activity covered by the Act, and because the camp was not open to members of the general public free of charge for such recreational activity.

First, the bylaws of defendant Allentown Jewish Community Center provided that members pay dues.[5] Moreover, the camp enrollment form provides that campers must be Jewish Community Center members in good standing.[6]

---

4. See exhibit U to plaintiffs' answer, p. 65, item 3.

5. See article 3, section 1 of the bylaws of the Jewish Community Center of Allentown, Pennsylvania, exhibit T to plaintiffs' answer, p. 2.

6. See terms of enrollment, ¶1, which is attached as exhibit A to plaintiffs' memorandum of law in opposition to the motion of defendant Allentown Jewish Community Center to amend its answer/new matter, filed February 6, 1998.

In addition, campers were required to pay a fee to attend the eight-week summer day camp held on this 55-acre camp property. Defendant argues that the cost to attend the camp is incidental to entering the property and, accordingly, such fee does not deprive a defendant of its immunity under the Act. Defendant relies upon a number of cases cited in its briefs for this proposition.

We find those cases to be distinguishable. This issue is controlled by *Mills v. Commonwealth of Pennsylvania,* 534 Pa. 519, 633 A.2d 1115 (1993). The *Mills* case involved personal injuries to two patrons of Penn's Landing in Philadelphia when they stepped into holes on the property while approaching activities there. Penn's Landing is a three-acre tract of land along the west bank of the Delaware River in the City of Philadelphia. The area is open to the public free of charge. However, fees are assessed for entrance to various exhibits, concerts and activities. The court held that the owner was not entitled to immunity pursuant to the Act.

We also conclude that defendant is not entitled to immunity because defendant's land was improved. It was not vacant woodland or gameland. The camp property contains 24 buildings and improvements, including camp buildings, a swimming pool and tennis courts. As indicated in *Mills, supra,* this type of improved property is not the type of property covered by the Recreational Use of Land and Water Act, even though the injuries may have occurred in an unimproved portion of the property.

Finally, the type of activity which plaintiff was engaged in does not meet the definition of "recreational purpose" in the Act. The Act defines recreational purpose as including "hunting, fishing, swimming, boating,

camping, picnicking, hiking, pleasure driving, nature study, water skiing, water sports, cave exploration and viewing or enjoying historical, archeological, scenic, or scientific sites." 68 Pa.C.S. §477-2(3). Plaintiff's participation in eco-ball, as described above, with its educational components and its competitive components, does not meet the definition of the Act.

Moreover, according to its publications and staff, defendant's camp exists to foster the social, recreational and educational growth of its youngsters and provides an atmosphere for campers to learn Jewish history and culture. This, too, is different from the recreational purpose contemplated by the Act. See *Mills, supra; Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991); and *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo Inc.,* 510 Pa. 1, 507 A.2d 1 (1986).

For all the foregoing reasons, we deny the motion for summary judgment.

## ORDER

Now, November 17, 1999, upon consideration of the motion of defendant, Allentown Jewish Community Center for summary judgment, filed July 30, 1999; upon consideration of plaintiffs' answer filed August 17, 1999; upon consideration of the briefs of the parties; after oral argument held this date; and for the reasons expressed in the accompanying bench opinion, it is ordered that the motion for summary judgment is denied.