## Mackes v. Grant Homes Inc.

C.P. of Monroe County, no. 7215 Civil 1996.

*David M. Backenstoe,* for plaintiff.
*Marvin O. Schwartz,* for defendant Grant Homes Inc.
*Joanne Kelhart,* for defendant Gilman.

WALLACH MILLER, *J.,* June 20, 2000—On June 29, 1994, Jane R. Gillman, defendant, entered into an agreement with Grant Homes Inc. for the construction of a residence on her property located at Bush Drive, East Stroudsburg, Monroe County, Pennsylvania. She financed this construction with a mortgage that provided the contractor be paid in stages as the building progressed with the final payment to be made upon completion. She did not occupy the premises during construction, and her construction agreement with Grant specifically provided that she could not occupy the premises until all

construction was complete. It is not disputed that construction was completed and she took possession of her house on or about January 19, 1995.

Jon C. Mackes, plaintiff, was hired by Grant as a subcontractor to paint the interior of the house. On his first visit to the site on November 16, 1994, he fell from a first-floor doorway onto the basement floor and suffered injuries.

Plaintiff and his wife filed a writ of summons in October of 1996 followed by a complaint in March of 1997 which alleges Ms. Gillman's negligence caused his injuries. She filed an answer and new matter and has now moved for summary judgment.

Under Pa.R.C.P. 1035.2, summary judgment is appropriate where there have been raised no genuine issues of material fact as to a necessary element of the cause of action. Pa.R.C.P. 1305.2 provides (in part) as follows:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

When considering a motion for summary judgment, we must examine the record in the light most favorable to the non-moving party and resolve all doubts in his favor. *Ducjai v. Dennis,* 431 Pa. Super. 366, 636 A.2d 1130 (1994); *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to summary judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 204, 412 A.2d 466, 469 (1979).

Defendant argues that she was not the "possessor" of the land during construction and therefore not legally responsible for plaintiff's injuries. Plaintiff counters that whether or not she is a possessor is a matter of fact to be determined by a jury and thus summary judgment is inappropriate. Both parties direct us to the Restatement (Second) of Torts §328E which is as follows:

"A possessor of land is

"(a) a person who is in occupation of the land with the intent to control it or

"(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

"(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under clauses (a) and (b)."

Plaintiffs argue that Ms. Gillman was the possessor of land because she owned the property. They further point to the responsibilities she had pursuant to the construction agreement and mortgage which required her to approve payments to the contractor after certain stages of work were complete. They also point us to parts of her

deposition where she testified that pursuant to the construction agreement, she did come on the property periodically to inspect the work and that about two weeks before plaintiff fell, she noticed that the steps from the first floor to the basement had not yet been installed. They argue that this put her on notice of a dangerous condition, and she had a duty to notify the plaintiff of it. All of these arguments are based on *Blackman v. Federal Realty Investment Trust,* 444 Pa. Super. 411, 664 A.2d 139 (1995).

The facts in *Blackman* revolve around an easement in a parking lot and whether the defendant who held the easement was a possessor of the land who owed a duty to a person who slipped and fell while crossing it. Our Superior Court found under the specific facts of that case, the issue of whether defendant was a "possessor of the land" was a jury question precluding summary judgment. This is not the case here. Clearly, Ms. Gillman does not fit the definition of "possessor of land" as defined in the Restatement. While she is the owner, she did not at any time prior to January of 1995 occupy the land as the Restatement requires. Up to and until the final payment was made by her, the "house" on Bush Drive was no more than an empty lot, then a foundation, then a partially constructed building in various stages, and finally a finished house. It was at no time "occupied" by defendant until after plaintiff's alleged injury. Finally, defendant was not entitled to immediate occupation as evidenced by her construction agreement. It is abundantly clear when looking at the record, that defendant's relationship to the land at the time in question does not rise to the level of occupier or possessor as set forth in the Restatement (Second) of Torts §328E.

Even if we found Ms. Gillman was in possession, we believe summary judgment to be appropriate.

Plaintiff's complaint sounds in negligence. To prevail, plaintiff must prove the elements of a negligence claim which require them to prove that:

"(1) Ms. Gillman owed plaintiff husband a duty

"(2) she breached that duty, and

"(3) he sustained an injury because of her breach of duty."

In *Mentzer v. Ognibene,* 408 Pa. Super. 578, 597 A.2d 604 (1991), defendants owned property and hired a contractor to erect a building on it. Plaintiff was a carpenter hired by the contractor who fell through a hole cut in the floor for an internal stairway and sustained injuries, facts nearly identical to our case. Defendants filed a motion for summary judgment similar to the one before us, and the trial court granted it finding that Pennsylvania law imposed no duty on a property owner to protect an employee of an independent contractor or to provide the employee with a reasonably safe place to work.

Our Superior Court cited *Colloi v. Philadelphia Electric Co.,* 332 Pa. Super. 284, 481 A.2d 616 (1984) to be controlling. *Colloi* held:

"A landowner owes a duty to warn an unknowing independent contractor of existing dangerous conditions on the landowner's premises where such conditions are known or discoverable to the owner. . . . However, '[a]n owner of land who delivers temporary possession of a portion of the land to an independent contractor owes no duty to the employees of the independent contractor *with respect to an obviously dangerous condition on that portion of the land in the possession of the contractor.'* . . . It has also been said that the employer of an independent

contractor has no duty to warn the contractor or his employees of a condition that is at least as obvious to them as it is to him. . . . In addition, the owner of property is under no duty to protect the employees of an independent contractor from risks arising from or intimately connected with defects or hazards which the contractor has undertaken to repair or which are created by the job contracted." *Id.* at 91-92, 481 A.2d at 619. See also, *Young v. Eastern Engineering and Elevator Co.,* 381 Pa. Super. 428, 554 A.2d 77 (1989).

On the basis of these authorities, we have no difficulty in concluding that Ms. Gillman had no responsibility to prevent or warn plaintiff from any danger surrounding the construction site. The allegedly dangerous condition was not a pre-existing defect in the owner's premises which the owner had a duty to make safe or of which she had to warn. There is no evidence in this record the defendant had the right or exercised any control over the day-to-day construction details or the condition of the work site. This was an allegedly dangerous condition created after the owner relinquished possession and control to the contractor.

For all of the above reasons, we enter the following order.

## ORDER

And now, June 20, 2000, defendant Jane R. Gillman's motion for summary judgment is granted, and she is dismissed from the case. The caption shall be amended accordingly.