J-A07026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL HAMSHER AND KATRINA HAMSHER, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 3015 EDA 2018 |
| NATHAN SHOOK | : | |

Appeal from the Order Entered August 2, 2018
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2017-C-1731

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 03, 2019**

Appellants, Daniel and Katrina Hamsher, appeal from the August 2, 2018 Order entered in the Lehigh County Court of Common Pleas granting the Motion for Summary Judgment filed by Appellee, Nathan Shook, and denying Appellants' Motion to Amend the Complaint.  After careful review, we affirm.

This is a premises liability action arising from an alleged slip and fall accident on November 30, 2015.  On June 1, 2017, Appellants filed a two-count Complaint[1] against Appellee alleging that, on November 30, 2015, Daniel Hamsher sustained injuries after he slipped on "unreasonably slippery wooden stairs" inside a residential property located at 28 Bowell Street,

_____

[1] Appellants raised Negligence—Premises Liability and Loss of Consortium claims in their Complaint.  Each of these claims has a two-year statute of limitations.  **See** 42 Pa.C.S. § 5524.

_____

\*   Former Justice specially assigned to the Superior Court.

Slatington, PA (the "Bowell Property"). Complaint, 6/1/17, at ¶ 9. In their Complaint, and subsequent Amended and Second Amended Complaints,[2] Appellants alleged that the situs of the accident was the Bowell Property. ***See***, ***e.g.***, ***id.*** at ¶ 9. Appellants also alleged that Appellee owned the Bowell Property, and that as a result of Appellee's negligence in maintaining the Bowell Property, Appellants suffered injuries. ***See***, ***e.g.***, ***id.*** at ¶¶ 5, 10, 12-18.

On February 21, 2018, Appellee filed an Answer and New Matter to Appellants' Second Amended Complaint. In his Answer, Appellee specifically denied ever owning or controlling the Bowell Property. Answer, 2/21/18, at ¶¶ 3-7. On March 9, 2018, Appellants filed an Answer to Appellee's New Matter.

On April 9, 2018, Appellee filed a Motion for Summary Judgment. In the Motion, Appellee reiterated that he never owned or leased the Bowell Property to Appellants. Motion, 4/9/18, at ¶ 4. Rather, Appellee stated that he owned and leased to Appellants a property located at 320 W. Franklin Street in Slatington (the "Franklin Property").[3] ***Id.*** Appellee argued that, because he never owned the property that Appellants alleged was the situs of the accident, Appellee is not liable to Appellants for any injuries that they

---

[2] Appellants filed an Amended Complaint and a Second Amended Complaint on December 28, 2017, and February 6, 2018, respectively.

[3] Appellee annexed a copy of his lease agreement with Appellants for the Franklin Property as an exhibit to the Motion.

allegedly sustained there. *Id.* at 5. Last, Appellee claimed that the November 30, 2017 expiration of the statute of limitations barred Appellants' recovery on these claims.

On April 20, 2018, Appellants filed a "Motion to Amend Complaint to Reflect Correct Address of Subject Accident." In the Motion, Appellants conceded that "[d]ue to a clerical error, in their Complaint, [Appellants] incorrectly indicated that the November 30, 2015 accident had taken place at [the Bowell Property]," but that they were unaware of the clerical error until they received service of Appellee's Motion for Summary Judgment. Motion to Amend, 4/20/18, at ¶¶ 5, 7. Appellants further explained that they resided at the Bowell Property at the time they filed their June 1, 2017 Complaint; however, at the time of the November 30, 2015 accident, they resided at the Franklin Property. *Id.* at 6.

Appellants sought leave to amend their Complaint to correct this "clerical error." In support of their claim that the court should permit amendment, Appellants directed the court to two documents: (1) a December 24, 2015 letter from Appellants' attorney to Appellee notifying Appellee that Appellant, Daniel Hamsher, had been injured on November 30, 2015, in an slip-and-fall accident at the Franklin Property; and (2) a January 7, 2016 letter from Appellants' attorney to Appellee's insurance carrier notifying it of the pending property liability claim. *Id.* at ¶¶ 8-9. Appellants claimed that these documents established that Appellee would not suffer prejudice if the court permitted amendment because Appellee had been on notice of the actual

location of the accident. Appellants emphasized that they did not seek to "alter the identity of the parties or the facts alleged," but rather to "mold the pleadings [] to conform [to] the evidence." *Id.* at ¶¶ 16-17.

On May 9, 2018, Appellants filed an Answer to Appellee's Motion for Summary Judgment.

Following a hearing, on August 2, 2018, the trial court denied Appellants' Motion to Amend and granted Appellee's Motion for Summary Judgment.

This timely appeal followed.[4]

Appellants raise the following two issues on appeal:

[1.] Whether the [t]rial [c]ourt abused its discretion and erred as a matter of law in denying [Appellants'] Motion to Amend their Complaint to conform with the record evidence and reflect the correct address of the subject accident despite the presentation of evidence from which it could be concluded that [Appellants'] Complaint was timely filed and that [Appellee] was on notice of the claims against him prior to the expiration of the applicable statute of limitations[?]

[2.] Whether the [t]rial [c]ourt abused its discretion and erred as a matter of law in granting [Appellee's] Motion for Summary Judgment despite the presentation of record evidence establishing that genuine issues of material fact in dispute exist in this case[?]

Appellants' Brief at 7.

## Motion to Amend Complaint

In their first issue, Appellants claim that the trial court abused its discretion in denying their "Motion to Amend Complaint to Reflect Correct Address of Subject Accident" because an amendment would not have

---

[4] The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) Statement.

prejudiced Appellee. *Id.* at 18. In support of this claim, Appellants note that the record contains evidence that Appellee was on notice that the location of the alleged accident was the Franklin Property and not the Bowell Property as Appellants alleged in their Complaint and subsequent Amended Complaints. *Id.* at 17-18.

We review the decision of the trial court to deny a motion to amend a complaint for an abuse of discretion. *Ferraro v. McCarthy-Pascuzzo*, 777 A.2d 1128, 1132 (Pa. Super. 2001). We will not disturb the trial court's determination absent an abuse of that discretion. *Id.*

Pa.R.C.P. 1033 provides, in relevant part, that a party may, at any time either with consent of the adverse party or with leave of court, change the form of the action, correct the name of a party, or amend his pleading. Pa.R.C.P. 1033. However, amendments that would prejudice a defendant, introduce a new cause of action, or cure a material, vital, or fatal defect in the complaint are not permitted after the applicable statute of limitations has run. *Olson v. Grutza*, 631 A.2d 191, 198 (Pa. Super. 1993). "A new cause of action arises if . . . the operative facts supporting the claim are changed." *Matos v. Rivera*, 648 A.2d 337, 340 (Pa. Super. 1994) (citation and quotation marks omitted).

In denying Appellants' Motion to Amend, the trial court first noted that Appellants alleged that the subject accident occurred on November 30, 2015. Thus, the two-year statute of limitations expired on November 30, 2017.

Appellants filed their Motion to Amend on April 20, 2018, almost five months after the statute of limitations had run.

Because the statute of limitations had run, the trial court next assessed whether Appellants' proposed amendment would create a new cause of action. In conducting its analysis, the trial court relied on *Herz v. Pennsylvania R.R. Co.*, 153 A. 686 (Pa. 1931). In *Herz*, the plaintiff sought to amend the complaint to change the location at which the cause of action arose. The Pennsylvania Supreme Court affirmed the order denying leave to amend the complaint, holding that an amendment that changed the location of an accident from one at which the defendant owed no duty to one where a different duty applied changes the occurrence pled and is, therefore, not permissible after the applicable statute of limitations expired.

As in *Herz*, the instant trial court determined that Appellants' proposed amendment would "chang[e] the location of the accident to a completely different location in which [Appellee] had different duties, after the applicable statute of limitations expired." Trial Ct. Op., 8/2/18, at 4. This, the court concluded, "is not a mere technical defect; rather it constitutes a different occurrence that precludes the amendment to the pleading." *Id.*

Following our review, we conclude that the trial court did not abuse its discretion in denying Appellants' Motion to Amend Complaint to Reflect Correct Address of Subject Accident where the proposed amendment would change the location of the alleged accident from one over which Appellee had no duty to one over which Appellee had a duty. Even if Appellee was arguably on

notice that the location of the alleged accident was, in fact, the Franklin Property, and would not, therefore, be prejudiced if the court permitted Appellants to amend the Complaint, an amendment of this sort would result in Appellants impermissibly introducing a new cause of action after expiration of the applicable statute of limitations. Accordingly, Appellants are not entitled to relief on this claim.

**Motion for Summary Judgment**

In their second issue, Appellant's claim the trial court erred in granting Appellee's Motion for Summary Judgment because a genuine issue of material fact exists in the record as to whether Appellants' accident occurred at the Franklin Property and whether, as owner of the Franklin Property, Appellee owed Appellants a duty to keep the Franklin Property in a safe condition. Appellants' Brief at 22-23.[5]

The Pennsylvania Supreme Court has delineated our standard of review of an order granting summary judgment as follows:

> [A]n appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals. To the extent

---

[5] Appellants also argue that they are entitled to relief on this claim because, once they "are permitted to make their requested amendment to the Second Amended Complaint . . . there will be no conflict between the address of the accident site as stated in the Complaint and the record evidence[.]" Appellants' Brief at 22. In light of our conclusion that the trial court properly denied Appellants' Motion to Amend, we need not address the merits of this alternate argument.

- 7 -

that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

**Summers v. Certainteed Corp.**, 997 A.2d 1152, 1159 (Pa. 2010) (citations omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Id.** (citation omitted); **see also** Pa.R.C.P. No. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." **Summers**, 997 A.2d at 1159 (citation omitted). "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." **Id.** (citation and internal quotation marks omitted).

In a premises liability action, the duty owed by a defendant to a plaintiff flows from the defendant's possession of the real property. **See Blackman v Fed. Realty Inv. Trust**, 664 A.2d 139, 142 (Pa. Super. 1995) ("In order for the party to be liable, it must first be a 'possessor' of land."). Therefore, absent any ownership or control, the defendant does not owe a duty to the plaintiff. **See id.**

Here, the trial court properly denied Appellants' Motion to Amend the Complaint to change the location of the alleged accident from a property not owned by Appellee—the Bowell Property—to one owned by Appellee—the

Franklin Property. Because Appellee did not own the Bowell Property, Appellee did not owe Appellants a duty to maintain the property, and, therefore, could not have breached that duty, thereby causing Appellants' injury. Therefore, the trial court properly granted summary judgment in favor of Appellee and against Appellants.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/19